EDGAR JOINES AND WIFE, ELIZABETH JOINES v. JOHN R. HERMAN AND WIFE, MILDRED HERMAN

No. 8724DC997

(Filed 5 April 1988)

1. Easements § 11 — termination of easement by necessity

The trial court did not err in concluding that an easement across defendants' land, though an easement by necessity when plaintiffs first purchased from defendants in 1965, was no longer necessary and that the easement terminated in 1971 when plaintiffs obtained a deeded easement to their tract from another adjacent landowner; furthermore, the easement across defendants' land was not necessary to reach the far end of plaintiffs' 10 7/8-acre tract and a 37-acre tract beyond where there was an eight-foot wide farm road across the 10 7/8-acre tract onto the 37-acre tract, and the road had already been used by farm tractors, pickup trucks, and trucks pulling trailers.

2. Easements § 7.1 — use of land permissive — no easement by prescription

The trial court did not err in finding that plaintiffs' use of defendants' land did not constitute an easement by prescription, since the evidence clearly showed that plaintiffs' use of defendants' land from 1960 until 1983 was always with defendants' permission, and a mere permissive use cannot ripen into an easement by prescription.

3. Attorneys at Law § 7 — action to establish easement — award of attorney's fees improper

No statutory basis exists for awarding attorney's fees in an action to establish an easement, and the trial court therefore erred in awarding attorney's fees to defendants.

APPEAL by plaintiffs from *Lacey, Judge.* Judgment entered 17 April 1987 in District Court, WATAUGA County. Heard in the Court of Appeals 8 March 1988.

*Deal & Smith, by James M. Deal, Jr., for plaintiff appellants.*

*Clement, Miller & Whittle, by Paul E. Miller, Jr., for defendant appellees.*

COZORT, Judge.

Plaintiffs filed this action to establish an easement across defendants' land. From the trial court's judgment concluding that no easement existed, plaintiffs appeal. We affirm.

On 6 August 1960, plaintiffs purchased a 37-acre tract of land in Watauga County. This tract was surrounded by land owned by defendants, and its only means of access was by an old farm road across defendants' land from U.S. Highway No. 421. After purchasing the property, plaintiffs requested defendants' permission to use this road to reach a farmhouse located on the 37-acre tract. Defendants gave them oral permission to use the road and thereafter also gave them permission to gravel and pave a portion of the road, to keep the gates located across the road open, and to increase the intensity of their use of the road. On 7 July 1983, defendants revoked, in writing, their oral permission for plaintiffs to use their road.

In January 1965, plaintiffs purchased from defendants a 10-7/8-acre tract of land adjacent to the 37-acre tract they already owned. This tract did not join a public road, but it could be reached via the same road used to reach the 37-acre tract. In 1970, plaintiffs built an A-frame house on the 10-7/8-acre tract and in 1971 acquired from Ralph Greene and his wife a deeded easement from the 10-7/8-acre tract to Lynhill Drive, a state road. An 8-foot wide farm road also existed across the 10-7/8-acre tract from the A-frame house to the farmhouse on the 37-acre tract. This farm road has been used by tractors, pickup trucks and trucks with trailers.

On 31 October 1985, plaintiffs instituted the action upon which this appeal is based. Plaintiffs requested an easement over defendants' land in order to regain access to the 10-7/8-acre tract from U.S. Highway No. 421. The trial court found that no easement existed across defendants' land and charged plaintiffs with the costs of the action, including defendants' attorney's fees. From this judgment, plaintiffs appeal.

[1] Plaintiffs first argue that the trial court erred in concluding that the easement obtained across the 10-7/8-acre tract was no longer necessary and that it terminated in 1971. We disagree.

> "A way of necessity arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is entirely surrounded by the land from which it is severed or by this land and the land of strangers. It is a universally established principle that where a tract of land is conveyed which is separated from the highway by other lands of the grantor or surrounded by his lands or by his and those of third persons, there arises, by implication, in favor of the grantee, a way of necessity across the premises of the grantor to the highway."

*Pritchard v. Scott*, 254 N.C. 277, 282, 118 S.E. 2d 890, 894 (1961), *quoting* 17A Am. Jur. *Easements* § 58. " 'A way of necessity is a temporary right in the sense that it continues only so long as the necessity exists . . . and ceases to exist upon the termination of the necessity which gave rise to it.' " *Id.* at 282-83, 118 S.E. 2d at 895, *quoting* 17A Am. Jur. *Easements* § 100.

Although an easement by necessity existed over the 10-7/8-acre tract when plaintiffs purchased it from defendants in 1965, the necessity ended in 1971 when plaintiffs obtained a deeded easement to the 10-7/8-acre tract from the Greenes. The trial court correctly held that the easement was no longer necessary for the use and enjoyment of plaintiffs' land.

Plaintiffs argue that the use of defendants' land is still necessary even though they acquired an additional means of access to the 10-7/8-acre tract. Plaintiffs acquired a deeded easement to the eastern edge of the 10-7/8-acre tract where their A-frame house is located. To reach the other end of the 10-7/8 acres which joins the 37-acre tract would require crossing a "razorback ridge" running down the middle of the property. Plaintiffs argue that building a road across this ridge would not be reasonable and that the easement across defendants' land is still necessary to reach the remainder of their 10-7/8-acre tract. We do not agree. The evidence shows, and the trial court found, that an 8-foot-wide farm road already exists across the 10-7/8-acre tract from the A-frame house to the farmhouse on the 37-acre tract and that it can be cut and filled at a reasonable cost. The evidence further showed that this

road had already been used by farm tractors, pickup trucks, and trucks pulling trailers.

The trial court found that plaintiffs had a reasonable means of access to the entire 10-7/8-acre tract, and we hold that it correctly found that the easement by necessity over defendants' land terminated in 1971.

[2] Plaintiffs next argue that the trial court erred in finding that plaintiffs' use of defendants' land did not constitute an easement by prescription. We disagree.

> In order to prevail in an action to establish an easement by prescription, a plaintiff must prove the following elements by the greater weight of the evidence: (1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of easement claimed throughout the twenty-year period.

*Potts v. Burnette*, 301 N.C. 663, 666, 273 S.E. 2d 285, 287-88 (1981).

In the case *sub judice*, the evidence clearly shows that plaintiffs' use of defendants' land from 1960 until 1983 was always with defendants' permission. "A mere permissive use of a way over another's land, no matter how long continued, cannot ripen into an easement by prescription." *Nicholas v. Furniture Co.*, 248 N.C. 462, 471, 103 S.E. 2d 837, 844 (1958). Therefore, we hold the trial court correctly found that no easement by prescription existed.

[3] Finally, plaintiffs argue that the trial court erred in awarding attorney's fees to defendants. We agree.

In North Carolina, it is well established that attorney's fees are taxable as costs only when expressly authorized by statute. *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E. 2d 179 (1972). No statutory basis exists for awarding attorney's fees in an action to establish an easement. Therefore, the portion of the trial court's order awarding attorney's fees is vacated.

Affirmed in part; vacated in part.

Judges EAGLES and SMITH concur.