KATHRYN N. BEAM, EMPLOYEE, PLAINTIFF v. FLOYD'S CREEK BAPTIST CHURCH, EMPLOYER; NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANT

No. 8910IC1174

(Filed 7 August 1990)

**Master and Servant § 99 (NCI3d) — workers' compensation — defense without reasonable grounds — attorney fees**

> The evidence supported a finding that defendants had no reasonable basis for concluding that a workers' compensation claim was not compensable where both claimant, a church secretary, and the church's pastor informed defendants that claimant suffered back pain the day after she helped carry a heavy, unwieldy spotlight up a flight of steps while walking backwards and bent over at the waist, plaintiff is a fifty-seven-year-old woman who performed secretarial tasks for her employer, this activity was clearly not within her normal work routine, and the fact that claimant did not experience pain contemporaneously with the incident does not by itself justify defendants' decision to contest the claim. Moreover, the matter was remanded to the Industrial Commission for an assessment of reasonable attorney's fees incurred since the appeal from the Deputy Commissioner's Order and Award. N.C.G.S. § 97-88.1.

> **Am Jur 2d, Workmen's Compensation §§ 289, 644, 646, 647.**

APPEAL by defendants from the Opinion and Award of the Industrial Commission entered 28 June 1989. Heard in the Court of Appeals 3 May 1990.

*M. Leonard Lowe for plaintiff appellee.*

*Young, Moore, Henderson & Alvis, P.A., by J. D. Prather, for defendant appellants.*

COZORT, Judge.

Defendants appeal from an order of the Industrial Commission affirming an award of attorney's fees based on the Commissioner's finding that the claim was defended without reasonable grounds. We affirm.

On 11 December 1987, claimant Kathryn Beam, aged 57, was employed as a secretary for defendant Floyd's Creek Baptist Church. Her duties included bookkeeping and preparing the weekly bulletin and payroll. On that date, the church's pastor, The Reverend James C. Diehl, asked claimant to help him carry a three-foot-long, 75-pound spotlight up a flight of stairs to a balcony. Claimant and Reverend Diehl carried the spotlight up the stairs with claimant walking backwards while bent over at the waist. Claimant did not stumble or trip, or twist or turn, while carrying the spotlight. Claimant suffered back pain when she awoke the next morning, and she immediately notified Reverend Diehl and the Chairman of the Board of Deacons and sought medical attention.

The Deputy Commissioner, Morgan S. Chapman, concluded that claimant suffered an "injury by accident arising out of and in the course of her employment," N.C. Gen. Stat. § 97-2(6) (1989), and awarded compensation. The Deputy Commissioner also assessed a $500.00 attorney's fee against defendants based on a finding that the case was defended without reasonable grounds. The Commission affirmed. On appeal, defendants contest only the award of attorney's fees.

N.C. Gen. Stat. § 97-88.1 provides, "If the Industrial Commission shall determine that any hearing has been . . . defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for . . . plaintiff's attorney upon the party who has . . . defended them." The purpose of that section is to prevent "stubborn, unfounded litigiousness" which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees. *Sparks v. Mountain Breeze Restaurant & Fish House, Inc.*, 55 N.C. App. 663, 664, 286 S.E.2d 575, 576 (1982).

Defendant contends that its denial of coverage was reasonable because it was justified in concluding that there was no "specific traumatic incident," N.C. Gen. Stat. § 97-2(6), and because claimant did not feel back pain until she awoke the next morning and thus

causation was at issue. We do not agree. Both claimant and Reverend Diehl informed defendants that claimant, a 57-year-old woman who performed secretarial tasks for her employer, suffered back pain the day after she helped carry a heavy, unwieldy spotlight up a flight of steps while walking backwards and bent over at the waist. Clearly, that activity was not within her normal work routine. This evidence established that claimant's injury resulted from a specific traumatic incident that "occurred at a cognizable time." *Bradley v. E.B. Sportswear, Inc.*, 77 N.C. App. 450, 452, 335 S.E.2d 52, 53 (1985). The fact that claimant did not experience pain contemporaneously with that incident does not, by itself, justify defendant's decision to contest this claim. We hold that the evidence supported a finding that defendant had no reasonable basis for concluding that this claim was not compensable.

In response to claimant's Motion filed with this Court, we remand this cause to the Commission for an assessment of reasonable attorney's fees incurred since the appeal from Deputy Commissioner Chapman's Order and Award. *See* N.C. Gen. Stat. § 97-88 (1989); *Taylor v. J. P. Stevens Co.*, 307 N.C. 392, 298 S.E.2d 681 (1983).

Affirmed and remanded for assessment of attorney's fees.

Judges ARNOLD and PHILLIPS concur.