VANN L. POPLIN, EMPLOYEE/PLAINTIFF v. PPG INDUSTRIES, SELF-INSURED, EMPLOYER/DEFENDANT

No. 9210IC499

(Filed 3 November 1992)

**Master and Servant § 99 (NCI3d) — workers' compensation — case defended without reasonable grounds — award of attorneys' fees proper — attorneys' fees for appeal awarded**

The trial court properly awarded plaintiff attorneys' fees pursuant to N.C.G.S. § 97-88.1 where defendant accepted liability, received evidence addressing medical causation, and therefore defended the case without reasonable grounds; furthermore, pursuant to N.C.G.S. § 97-88 plaintiff is awarded additional reasonable attorneys' fees for the appeal from the deputy commissioner to the Full Commission and to the Court of Appeals.

**Am Jur 2d, Workers' Compensation § 725.**

**Attorneys' fees: obduracy as basis for state-court award. 49 ALR4th 825.**

APPEAL by defendant from Opinion and Award of the Industrial Commission entered 24 February 1992. Heard in the Court of Appeals 19 October 1992.

Plaintiff instituted this action against defendant seeking workers' compensation benefits due to an accident which occurred on 4 July 1988. Following a hearing held on 26 March 1990, a deputy commissioner of the Industrial Commission entered an order on 1 June 1990 finding *inter alia*: that defendant's counsel agreed that defendant would accept liability; that as a result of defendant's acceptance

of liability, a hearing scheduled for 10 April 1989 was not held; that although liability had been accepted, defendant withheld settlement because no evidence addressing medical causation had been received; that defendant received numerous medical records and a medical report rating plaintiff's disability; that although the record was left open for thirty days at the request of defendant's counsel, defendant offered no additional evidence on medical causation; that defendant acted in bad faith in accepting liability and thereafter refusing to pay expenses which were clearly compensable; and that the case was defended without reasonable grounds.

Based on the findings of fact, the deputy commissioner made conclusions of law as follows:

1. The plaintiff sustained an injury by accident while in the capacity of employee of the employer on July 4, 1988, which arose out of and in the course of his employment.

2. As a result of said injury, the plaintiff has a 10 percent permanent partial disability to his back.

3. Plaintiff has incurred various medical expenses, travel expenses, lost wages, and other compensable expenses as a direct result of the injury.

4. Claimant is entitled to attorney fees paid as the case was defended without reasonable cause pursuant to N.C.G.S. § 97-88.1.

Based on the findings of fact and conclusions of law, the deputy commissioner awarded plaintiff compensation for the permanent partial disability, medical expenses, and attorneys' fees. Defendant appealed to the Full Commission, and on 24 February 1992, the Full Commission affirmed and adopted the deputy commissioner's decision. Defendant appealed.

*Wallace and Whitley, by Mona Lisa Wallace and David A. Shelby, for plaintiff-appellee.*

*Wilson, Biesecker, Tripp and Sink, by Joe E. Biesecker, for defendant-appellant.*

WELLS, Judge.

Defendant's only argument is that the Industrial Commission erred by ordering defendant to pay attorneys' fees. Specifically, defendant contends that the order is not supported by adequate

conclusions of law or findings of fact and that the findings of fact are not supported by the evidence. We disagree.

N.C. Gen. Stat. § 97-88.1 provides:

> If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

The decision as to whether to award attorneys' fees pursuant to this statute is a matter within the sound discretion of the Industrial Commission. *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 298 S.E.2d 681 (1983). "Whether the evidence shows a 'reasonable ground' to defend is, however, a matter reviewable by this court." *Robinson v. J.P. Stevens*, 57 N.C. App. 619, 627, 292 S.E.2d 144, 149 (1982). "The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness." *Sparks v. Mountain Breeze Restaurant*, 55 N.C. App. 663, 286 S.E.2d 575 (1982).

In this case, the record fails to show a "reasonable ground" to defend. Defendant admitted in a letter from counsel that plaintiff "suffered an injury arising out of and in the course and scope of his employment," but later contended there had been no evidence of medical causation brought forward. This contention was made even after defendant was supplied with plaintiff's medical records and a medical report rating plaintiff's disability. As a result, the record was held open for thirty days and a hearing was conducted. At the hearing, defendant offered no evidence. This evidence supports the findings of fact made by the Industrial Commission and the findings of fact support the conclusions of law. We hold that the Industrial Commission did not abuse its discretion in awarding attorneys' fees. The Opinion and Award of the Industrial Commission will be affirmed.

Plaintiff, in his brief, contends that additional attorneys' fees should be awarded due to defendant's appeal, and we agree. N.C. Gen. Stat. § 97-88 provides:

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings

were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such · hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

Our decision requires "the insurer to make, or to continue payments of benefits," and we hold that plaintiff is entitled to have his attorneys' fees paid by defendant as part of the costs of his defense of defendant's appeal from the deputy commissioner to the Full Commission and the appeal to this Court. See *Mullinax v. Fieldcrest Cannon, Inc.*, 100 N.C. App. 248, 395 S.E.2d 160 (1990). We have affirmed that defendant had no reasonable basis to appeal the decision of the deputy commissioner to the Full Commission. In its appeal here, defendant has shown no merit in its effort to further delay justice in this case. Therefore, the matter is remanded to the Industrial Commission for entry of an order requiring defendant to pay to plaintiff's attorneys, as part of the costs, a reasonable fee for representing plaintiff in the appeal from the deputy commissioner to the Full Commission and to this Court.

Affirmed and remanded.

Judges EAGLES and ORR concur.