JOHN PAUL TROUTMAN, Employee-Plaintiff v. WHITE & SIMPSON, INC., Employer-Defendant, and EMPLOYERS MUTUAL CASUALTY COMPANY, Carrier-Defendant

No. COA95-4

(Filed 5 December 1995)

1. **Workers' Compensation § 476 (NCI4th)— seventy-one-year-old claimant—eligibility for lifetime benefits—hearing brought without reasonable ground**

    The Industrial Commission did not err in concluding that defendant brought the subject hearing without a reasonable ground where defendant argued that plaintiff was not entitled to receive lifetime workers' compensation benefits because he had "retired" and therefore was receiving double recovery where the evidence showed that after reaching the age of sixty-five, plaintiff continued to work for defendant for forty hours per week at the same salary; there was no evidence that the seventy-one-year-old plaintiff would be unable to work were he not injured; and at the time of the hearing in this case, the law in North Carolina was unequivocal that a claimant's entitlement to a workers' compensation disability award is unrelated to either the claimant's eligibility to retire or his decision to retire.

    **Am Jur 2d, Workers' Compensation §§ 414, 725.**

2. **Workers' Compensation § 476 (NCI4th)— hearing brought without reasonable ground—attorney's fees and other costs assessed against party bringing hearing**

    The Industrial Commission is authorized under N.C.G.S. § 97-88.1 to assess attorney's fees and other costs for the entire case against a party prosecuting or defending a hearing without reasonable grounds. Therefore, where defendant brought this hearing without a reasonable ground, the Commission properly concluded that an award of attorney's fees of 25% of the compensation accruing to plaintiff in the future was reasonable.

    **Am Jur 2d, Workers' Compensation §§ 414, 725.**

Appeal by employer-defendant from opinion and award entered 14 July 1994 by the North Carolina Industrial Commission, Coy M. Vance, Deputy Commissioner. Heard in the Court of Appeals 4 October, 1995.

**TROUTMAN v. WHITE & SIMPSON, INC.**

[121 N.C. App. 48 (1995)]

*Chandler, deBrun & Fink, by Steven B. Hayes for plaintiff-appellee.*

*Caudle & Spears, P.A., by Lloyd C. Caudle and Sean M. Phelan for defendants-appellants.*

WYNN, Judge.

Plaintiff, John Troutman, was injured on 24 April 1991 while working as a floor sander for defendant, White & Simpson, Inc. Mr. Troutman was seventy-one years old at the time of his injury and had worked for White & Simpson, Inc. in the same position for fifty years. After reaching the age of sixty-five, he continued to work at that company for 40 hours per week, earning the same salary that he had before turning sixty-five.

Defendants acknowledged that plaintiff suffered an injury by accident arising out of and in the course of his employment, and began paying workers' compensation benefits to the plaintiff. Nonetheless, defendants requested a hearing before the North Carolina Industrial Commission contending that plaintiff was not entitled to lifetime benefits under N.C. Gen. Stat. § 97-29 (1991) because the plaintiff had already retired at the time of his injury. At the hearing on 3 November 1992, plaintiff initially testified that he "retired" at age sixty-five. Plaintiff later testified that his work schedule changed "very little if any" when he turned sixty-five.

Following the hearing, Deputy Commissioner Scott Taylor issued an Opinion and Award finding that:

13. Defendants brought the hearing of the above-captioned matter contending that plaintiff's age, health and status as a retired employee indicate that he would not be working for the balance of his life and, therefore, would be precluded from receiving lifetime compensation benefits under the North Carolina Workers' Compensation Act.

14. Based upon defendants' theory for bringing this matter for hearing, the undersigned finds that the hearing of this matter was brought without reasonable ground, and was based in stubborn, unfounded litigiousness.

Having found that the hearing was brought without reasonable ground, and based in stubborn, unfounded litigiousness, Deputy

### TROUTMAN v. WHITE & SIMPSON, INC.

[121 N.C. App. 48 (1995)]

Commissioner Taylor awarded attorney's fees under N.C. Gen. Stat. § 97-88.1 (1991) under the following terms: ·

> 1. Defendants shall pay total and permanent disability compensation for the remainder of plaintiff's life or until defendants obtain permission from the Industrial Commission to cease payment of compensation, whichever first occurs, at the rate of $281.01 per week, beginning 6 October 1992. . . .

> . . . .

> 3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: [I]n addition to the weekly sums due plaintiff, defendants are assessed and shall pay to plaintiff's counsel an amount equal to every fourth compensation check due plaintiff. Said assessed sums shall be paid to plaintiff's counsel concurrently with the sums due plaintiff.

Defendants appealed to the Full Commission (hereinafter Commission) which modified and affirmed the opinion of the Deputy Commissioner. The Commission found that the defendants did not stop payments to the plaintiff during the pendency of the hearing, as found by the Deputy Commissioner, and thereby reversed that portion of attorney's fee award based on payments owed as of 3 November 1992. Defendants do not challenge this portion of the Commission's opinion.

---

There are two issues on appeal: (I) Whether the Commission erred by finding that defendants brought this matter for hearing "without reasonable ground, and based in stubborn, unfounded litigiousness;" and (II) If not, whether the Commission exceeded its authority by awarding attorney's fees in the. amount of 25% of the plaintiff's recovery. We affirm the opinion of the Commission in all respects.

I

[1] Appellant first contends that the Commission erred in finding that defendants brought the hearing before the Commission without reasonable ground. We disagree.

Whether the defendant had a reasonable ground to bring a hearing is reviewable by this Court *de novo*. *Robinson v. J.P. Stevens*, 57

N.C. App. 619, 627, 292 S.E.2d 144, 149 (1982). This requirement ensures that defendants do not bring hearings out of "stubborn, unfounded litigiousness." *Beam v. Floyd's Creek Baptist Church*, 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990).

In the case *sub judice*, defendants argued at the hearing below that the plaintiff was not entitled to receive lifetime workers' compensation benefits because he had "retired." In support of this argument, defendant cited Larson's treatise on workmen's compensation. The section cited by defendant states:

> [I]f a workman undergoes a period of wage loss due to [physical disability, economic unemployment and old age] it does not follow that he should receive three sets of benefits simultaneously and thereby recover more than his actual wage. He is experiencing only one wage loss and, in any logical system, should receive only one wage-loss benefit.

4, Larson, *Workmen's Compensation Law* § 97.10. This passage deals with the situation where the plaintiff is injured and unable to work due to old age, and receives social security and workers' compensation benefits. In such a situation there is an unfair double recovery since old age is the reason for unemployment rather than an injury suffered during employment. In the instant case, there is no evidence in the record that Mr. Troutman would be unable to work were he not injured. As such, the above quoted section is inapplicable.

In addition, this Court has previously rejected an argument similar to the one presented in the instant case. In *Heffner v. Cone Mills Corp.*, 83 N.C. App. 84, 349 S.E.2d 70 (1986) this Court stated what a plaintiff must prove before the Commission may award disability compensation:

> In order for the Commission to award disability compensation, the plaintiff must prove: (1) that he was incapable of earning the same wages he had earned before his injury in the same employment, (2) that he was incapable of earning the same wages he had earned before his injury in any other employment, and (3) that his incapacity was caused *by his injury* or occupational disease.

*Heffner*, 83 N.C. App. at 87-88, 349 S.E.2d at 74 (citations omitted; emphasis supplied). In the instant case, the defendants stipulated that the plaintiff had met this burden of proof. There, however, is no further requirement that the plaintiff's benefits be limited because of retirement. Rather, in *Heffner* the Court stated:

TROUTMAN v. WHITE & SIMPSON, INC.

[121 N.C. App. 48 (1995)]

Because disability measures an employee's present ability to earn wages, . . . and is unrelated to a decision to withdraw from the labor force by retirement, the Commission may not deny disability benefits because the claimant retired where there is evidence of diminished earning capacity caused by an occupational disease. So long as the disease has, in some way, diminished the employee's ability to earn wages, he may recover disability compensation.

*Id.* at 88, 349 S.E.2d at 74 (citations omitted). This rule of law applies to workplace injuries as well. Therefore, at the time of the hearing in this case, the law in North Carolina was unequivocal that a claimant's entitlement to a workers' compensation disability award is unrelated to either the claimant's eligibility to retire or his decision to retire.

Defendants nevertheless contended at oral argument before this Court that since they were unaware of the holding in *Heffner,* they should be excused for having advanced their position at the hearing below. That is absurd. Defendant's ignorance of a 1986 North Carolina case directly on point provides no support for their contention that grounds for requesting a hearing in 1991 were reasonable. Such a construction would encourage incompetence and thwart the legislative purpose of N.C.G.S. § 97-88.1. We affirm the Commission's conclusion that defendant brought the subject hearing without a reasonable ground. *See Beam v. Floyd's Creek Baptist Church,* 99 N.C. App. 767, 768, 394 S.E.2d 191, 191-92 (1990) (upholding an award of the Commission based on prosecution of a hearing without reasonable grounds).

II

[2] Defendant next contends that the Commission erred in concluding that an award of attorney's fees in the amount of 25% of the compensation accruing to the plaintiff in the future was reasonable. We disagree.

As a general rule, each side bears the cost of its own attorney's fees, and attorney's fees may only be awarded when expressly authorized by statute. *Joines v. Herman,* 89 N.C. App. 507, 510, 366 S.E.2d 606, 608 (1988).

**TROUTMAN v. WHITE & SIMPSON, INC.**

[121 N.C. App. 48 (1995)]

In the instant case, there are two statutory provisions under which the Commission could have awarded payment of plaintiff's attorney's fees by defendants; N.C. Gen Stat. § 97-88 (1991), and N.C. Gen Stat. § 97-88.1 (1991). N.C.G.S. § 97-88 provides:

If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of *such hearing or proceedings* including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

(emphasis supplied).

N.C.G.S. § 97-88.1 provides:

If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess *the whole cost of the proceedings* including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

(emphasis supplied).

N.C.G.S. § § 97-88 and 97-88.1 are supplementary in nature. N.C.G.S. § 97-88 allows an injured employee to move that its attorney's fees be paid whenever an insurer appeals to the Full Commission, or to a court of the appellate division, and the insurer is required to make payments to the injured employee. *Estes v. N.C. State University*, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994). There is no requirement that the appeal be brought without reasonable ground. Under N.C.G.S. § 97-88, the Commission may only award "*the cost to the injured employee of such hearings or proceedings including therein* [a reasonable attorney's fee]." Consequently, under N.C.G.S. § 97-88, the Commission is empowered to award to the injured employee attorney's fees only for the portion of the case attributable to the insurer's appeal(s).

By contrast, an award of attorney's fees under N.C.G.S. § 97-88.1 requires that the litigation be brought, prosecuted, or defended with-

out reasonable ground. The purpose of this section is to prevent "stubborn, unfounded litigiousness which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees." *Beam v. Floyd's Creek Baptist Church,* 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990). (citations omitted). In such cases, the Commission is empowered to award: *the whole cost of the proceedings including* [reasonable attorney's fees]. As such, the Commission may assess the whole costs of litigation, including attorney fees, against any party who prosecutes or defends a hearing without reasonable grounds.

It is logical that the Legislature would fashion a more encompassing remedy in N.C.G.S. § 97-88.1 than is found in N.C.G.S. § 97-88. N.C.G.S. § 97-88.1 only applies when one side brings or continues litigation before the Commission or a court without reasonable grounds. If the remedy were the same under both statutory sections, defendant insurers would have no greater disincentive to pursue frivolous appeals than that already present under N.C.G.S. § 97-88 against pursuing meritorious appeals. The Legislature must have intended that defendant insurers pursuing appeals without reasonable grounds face a potentially harsher penalty than defendant insurers pursuing appeals with reasonable grounds.

In addition, if N.C.G.S. § 97-88.1 provided the same remedy as N.C.G.S. § 97-88, then N.C.G.S. § 97-88.1 would be mere surplusage, since N.C.G.S. § 97-88 already grants the Commission the authority to award the injured employee attorney's fees without regard to whether the matter was brought on reasonable grounds. The presumption is that no part of a statute is mere surplusage, but each provision adds something which would not otherwise be included in its terms. *Electric Service v. City of Rocky Mount,* 285 N.C. 135, 143, 203 S.E.2d 838, 843 (1974).

We hold, therefore, that the Commission is authorized under N.C.G.S. § 97-88.1 to assess attorney's fees, and other costs, for the entire case, against a party prosecuting or defending a hearing without reasonable grounds. *See, e.g., Mullinax v. Fieldcrest Cannon, Inc.,* 100 N.C. App. 248, 253, 395 S.E.2d 160, 163 (1990) (requiring that defendant pay the plaintiff's attorney's fee); *Poplin v. PPG Industries,* 108 N.C. App. 55, 422 S.E.2d 353 (1992). The decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award

will not be disturbed absent an abuse of discretion. *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 394, 298 S.E.2d 681, 683 (1983); N.C. Gen. Stat. § 97-90 (1991).

The opinion of the Commission is,

Affirmed.

Judges JOHNSON and EAGLES concur.