The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the date of plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. United States Fire Insurance Company was the workers' compensation insurance carrier on the risk.
4. On 22 January 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
5. Plaintiff's average weekly wage was $192.99, which yields a compensation rate of $128.67.
6. As a result of his injury, plaintiff became disabled on 6 February 1991 and defendants undertook to pay plaintiff temporary total disability compensation at the applicable rate beginning 13 February 1991 and continuing for necessary weeks.
EVIDENTIARY RULINGS
The objections appearing in the depositions of Drs. Garner, Walsh and Pritchard are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a married male, fifty-seven years old. Plaintiff was a native of Cuba and came to the United States in May, 1980. Plaintiff's ability to read, write or speak English was minimal and his testimony at the hearing was translated by an interpreter. Plaintiff completed eight years of education in Cuba.
2. Defendant-employer provided service personnel for a mess hall located on Fort Bragg in Fayetteville, North Carolina. While employed by defendant-employer, plaintiff was responsible for cleaning and waxing floors, washing pots and pans, emptying food tray carts and emptying garbage cans. On 22 January 1991, plaintiff was performing his usual duties for defendant-employer when a metal mixing bowl fell from a rack and struck him on the top, right side of his head.
3. As a result of his injury, plaintiff developed neck pain and bilateral shoulder and arm pain. Plaintiff was unable to lift either of his arms above shoulder height. Plaintiff's pain and limited range of motion were caused by herniated discs at C5-C6 and C6-C7. Plaintiff's herniated discs resulted from the incident on 22 January 1991.
4. Prior to his injury on 22 January 1991, plaintiff had a five percent impairment of his back as a result of an injury to his lumbar spine. Plaintiff was also diabetic. Plaintiff developed diabetes in 1986 or 1987. At the time of the hearing, plaintiff received insulin injections twice each day. Plaintiff's diabetes did not impair his ability to work for defendant-employer. However, as a result of his diabetes, the probable benefits of disc surgery are outweighed by the surgery's risks.
5. While living in Cuba, plaintiff worked as a nurse's aid and as a barber in his family's barbering business. Plaintiff has not attended cosmetology school in the United States, nor has he worked as a barber since leaving Cuba. There is no evidence of record that plaintiff has obtained a cosmetology license as required by N.C. Gen. Stat. § 86A-1. There is no evidence of record that plaintiff is capable of obtaining employment as a barber.
6. As a result of his injury on 22 January 1991, plaintiff was incapable of earning wages from defendant-employer, or any other employer, from 6 February 1991 and continuing through the date of the hearing in this matter. In addition, to the five percent permanent impairment of his lumbar spine, plaintiff has a twenty percent permanent impairment of his cervical spine. The impairment of his cervical spine resulted from his injury on 22 January 1991.
7. Defendants initiated the hearing in this matter by filing an Industrial Commission Form 33, Request that Claim be Assigned for Hearing. Defendants asserted that the hearing was requested because, "Claimant has refused to accept permanent partial disability compensation based upon his physician's rating of his back due to this accident." At the time of defendants' request for hearing, plaintiff was receiving temporary total disability compensation pursuant to the parties' Agreement for Compensation for Disability.
8. Defendants' prosecution of this matter was not based on reasonable ground. Rather, defendants prosecution of this matter was based in stubborn, unfounded litigiousness.
9. Plaintiff's counsel has rendered valuable services to plaintiff in defense of this matter. Plaintiff's counsel responded to defendants' Request for Hearing, represented plaintiff at the hearing and at four depositions. He made arrangements for an interpreter to translate plaintiff's hearing testimony and he prepared a brief of plaintiff's contentions and a proposed opinion and award.
10. Interpreter Elva Monge translated plaintiff's testimony for forty-five minutes during the hearing in this matter.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 22 January 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury, plaintiff is entitled to payment of temporary total disability compensation at the rate of $128.67 per week from 6 February 1991 and continuing until order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. N.C. Gen. Stat. § 97-29;Stone v. G G Builders, 121 N.C. App. 671, ___ S.E.2d ___ (1996); Radica v. Carolina Mills, 113 N.C. App. 440,439 S.E.2d 185 (1994).
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of his injury on 22 January 1991 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
4. Since the defendant brought this matter to hearing without reasonable ground, the costs of the proceeding are assessed against defendants. In addition, reasonable fees for plaintiff's attorney are assessed against defendants in an amount equal to thirty-three and one-third percent of the compensation due to plaintiff after the date of this Order. N.C. Gen. Stat. § 97-88.1; Troutman v. White Simpson, Inc., 121 N.C. App. 48,464 S.E.2d 481(1995), disc. rev. denied, 343 N.C. 516 (1996).
5. The attorney's fee awarded in paragraph 4, shall be paid by defendants in addition to, and not subtracted from, the award to plaintiff of continuing temporary total disability compensation. N.C. Gen. Stat. § 97-88.1.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall continue paying plaintiff temporary total disability compensation until order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of his injury on 22 January 1991 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability.
3. A reasonable attorney's fee of thirty-three and one-third percent of the compensation due plaintiff after the date of this Order is approved for plaintiff's attorney and shall be paid as follows: defendants shall pay plaintiff's attorney a fee equal to thirty-three and one-third percent of the continuing compensation due plaintiff from the date of this order. This amount shall be paid directly to plaintiff's attorney and shall be in addition to, not subtracted from, the continuing compensation due to plaintiff.
4. Defendants shall pay the costs, including expert witness fees of $265.00 for Dr. Garner, $360.00 for Dr. Walsh and $265.00 for Dr. Pritchard. Defendants shall also pay Ms. Elva Monge $20.00 for her services as an interpreter.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
LKM/bjp