***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer.
3. Federated Mutual Insurance Company was the carrier on the risk.
4. The parties further stipulate to all medical records.
 ***********
Based upon all of the evidence produced at the hearing before the Deputy Commissioner, the Full Commission makes the following:
 FINDINGS OF FACTS
1. At the time of the hearing before the Deputy Commissioner, plaintiff was forty-one years old.
2. Plaintiff was employed by defendant-employer in February 1998 as a duct cleaner. In addition, he was occasionally assigned to assist in the installation of heating and air conditioning systems. On 16 May 2001, plaintiff was employed as a helper for defendant-employer. His job duties included assisting the installers, Todd Fountain and Art Hollis, in removing an old furnace and installing a new heating and air conditioning unit.
3. Plaintiff had pre-existing back problems. While working for a different employer, he suffered a back injury in October 1996 and following treatment was released to return to work in March 1997 with a 5% permanent partial disability rating to his back. Upon his release, plaintiff continued to complain of pain while sitting, and was diagnosed with disc degeneration at L5-S1. Plaintiff returned to work in March 1997, but continued to receive chiropractic treatment.
4. Plaintiff continued to receive treatment for low back pain into 1998. In May 1998, he began complaining of neck pain in addition to the low back pain. At that time, plaintiff was being treated by Dr. Brison Robertson of Asheville Family Medicine. Plaintiff had obtained some success in stopping his back pain with an epidural block in 1997, and sought the same treatment for his neck. In July 1998, Dr. Robertson diagnosed plaintiff with probable fibromyalgia. In a note dated 24 November 1998, Dr. Robertson reviewed plaintiff's treatment as including an epidural block, physical therapy, chiropractic care, muscle relaxants, and anti-inflammatory medication, none of which provided plaintiff with relief for more than a few days.
5. Plaintiff continued his treatment with Dr. Robertson through 1999, receiving a cervical block and various medications in an attempt to control his continuing back and neck pain. On 24 November 1999, plaintiff presented to Dr. Terry White, a physical medicine and rehabilitation specialist, upon referral by Dr. Robertson. Dr. White examined plaintiff, reviewed an MRI of plaintiff's lumbar region and diagnosed plaintiff with fibromyalgia and sacroiliac pain secondary to a leg length difference and degenerative disc disease. Dr. White provided plaintiff with medications and a shoe lift to correct the leg length discrepancy.
6. Plaintiff continued to receive treatment by Dr. Robertson and Dr. White throughout 2000. Also during this period he continued to receive physical therapy treatments in accordance with Dr. White's instructions.
7. On 16 May 2001, plaintiff and installers Todd Fountain and Art Hollis were on a job site removing an old furnace and installing a new heating and air conditioning unit. The old furnace unit was disassembled and removed from the job site in pieces. For the most part, the pieces were not heavy. A hand truck was used to move heavier items.
8. Plaintiff alleges that he injured his back while lowering the new unit onto a concrete pad. Plaintiff maintains that he reported the incident to his supervisor, Sammy Parker, on 18 May 2001. However, both Mr. Fountain and Mr. Hollis testified that plaintiff did not mention an injury to them during the course of the work day on 16 May, nor did they notice any change in plaintiff's physical activities during the day.
9. On 17 May 2001, plaintiff presented to the hospital where Dr. Cleveland Thompson administered an epidural steroid injection to plaintiff's sacroiliac joint. The injection was one in a series of such injections plaintiff began prior to the alleged injury of 16 May 2001, and was scheduled prior to the alleged injury. There is no mention in Dr. Thompson's report of a work-related injury. Dr. Thompson reported that plaintiff tolerated the procedure well.
10. Plaintiff had presented for a prior injection on 3 May 2001, at which time, Dr. Thompson noted that after one epidural injection, plaintiff had relief of radiating left lower extremity pain and that his primary complaint was of right low back pain.
11. Plaintiff continued to work for defendant-employer doing primarily light duty. On 4 June 2001, Dr. Robertson restricted plaintiff to lifting no more than 50 pounds due to plaintiff's continuing complaints of back pain. A review of plaintiff's C-spine series showed obvious straightening of the cervical vertebrae. Dr. Robertson opined that plaintiff would probably not be able to continue to work in heating and air conditioning, as the job required a lot of bending, stooping and crawling.
12. On 7 September 2001, Plaintiff presented to orthopedic surgeon Dr. Keith M. Maxwell for evaluation and treatment upon referral from Dr. White. Plaintiff did not inform Dr. Maxwell that he had been undergoing treatment for back pain prior to the alleged work-related injury, nor did Dr. Maxwell receive any medical records of plaintiff's prior back treatment. In addition, Dr. Maxwell's notes indicate that plaintiff informed him that he had been out of work since May 2001, despite information to the contrary in Dr. Robertson's treatment notes of June 2001.
13. Dr. Maxwell ordered an MRI of plaintiff's lumbar spine which was performed on 17 September 2001 and which revealed discogenic changes at L4-5 with significant degenerative disc disease at L5-S1. Plaintiff also had a central disc protrusion at L5-S1 with some lateral recessed stenosis bilaterally.
14. On 22 April 2002, Dr. Maxwell performed an anterior BAK cage laparoscopic fusion at L5-S1. In follow up, Dr. Maxwell stated that within 11 days after surgery plaintiff was walking a mile per day and beginning physical therapy.
19. At the time of Dr. Maxwell's deposition, plaintiff had not yet reached MMI.
20. Plaintiff has failed to prove by the greater weight of the evidence that he sustained a work-related injury to his back on 16 May 2001. Plaintiff's testimony that he injured his back at work on 16 May 2001 is not accepted as credible.
 ***********
Based upon the foregoing Stipulations and Findings of Facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to prevail in a claim for a back injury under the Workers' Compensation Act, an employee bears the burden of proving that the injury resulted from a specific traumatic incident that occurred at a cognizable time. Beam v. Floyd's Creek Baptist Church, 99 N.C. App. 767,394 S.E.2d 191 (1990). Back injuries that occur gradually, over long periods of time, are not specific traumatic incidents. Glynn v. PepcomIndus., Inc., 122 N.C. App. 348, 469 S.E.2d 588 (1996).
2. In the current case, plaintiff has failed to carry the burden of proof to establish by competent evidence that he suffered a back injury resulting from a specific traumatic incident on 16 May 2001. In the instant case, plaintiff's testimony regarding the alleged injury is not accepted as credible. Accordingly, plaintiff is not entitled to compensation under the Act. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of August, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER