ALFRED CRAWFORD, Employee, Plaintiff;
v.
MIKE PHILLIPS d/b/a MEN AT WORK CAR CARE CENTER, Employer, NON-INSURED, and MIKE PHILLIPS, Individually, Defendant.
No. COA08-615.
Court of Appeals of North Carolina.
Filed April 21, 2009.
This case not for publication
Samuel A. Scudder and April D. Seguin for plaintiff.
No brief for defendants.
ELMORE, Judge.
Alfred Crawford (plaintiff) appeals from an opinion and award by the Full Commission awarding him temporary total disability benefits, permanent partial disability compensation, and all medical expenses related to an injury plaintiff sustained while in the employ of Men at Work Car Care Center (defendant business). We affirm in part and reverse and remand in part.

I.
Defendant business is a car wash owned and operated by Mike Phillips (defendant Phillips). On 19 February 2005, plaintiff was working at defendant business when he slipped in water and fell to the floor. Plaintiff put out his right hand to catch himself as he fell, landing on it and breaking his arm. Defendant Phillips took plaintiff to the hospital, where a cast was put on his arm. On 10 March 2005, plaintiff underwent surgery on his arm to further treat the break. Plaintiff never returned to work at defendant business.
On or about 1 March 2005, plaintiff filed a Form 18, Notice of Accident to Employer and Claim of Employee, with the Industrial Commission; on 5 April 2005, plaintiff filed a Form 33, Request that Claim Be Assigned for Hearing, with the Industrial Commission. Defendants did not file a response to either. On 31 May 2006, Deputy Commissioner George R. Hall, III, filed an opinion and award finding plaintiff's injury compensable; awarding him benefits and medical costs in the amount of $7,796.46; fining defendant Phillips $50.00 pursuant to N.C. Gen. Stat. § 97-94(b) for not maintaining workers' compensation insurance; and ordering defendant Phillips to pay $5,000.00 in attorney's fees to plaintiff's attorney pursuant to N.C. Gen. Stat. § 97-88.1. Defendant appealed to the Full Commission, which issued its opinion and award on 4 May 2007 modifying that of the Deputy Commissioner; an amended opinion and award was filed on 12 February 2008 to include a calculation of plaintiff's weekly wage. In the final amended opinion and award, the Full Commission affirmed the Deputy Commissioner's opinion and award in all but the award of attorney's fees, holding instead that defendants did not violate N.C. Gen. Stat. § 97-88.1 (2007) and thus ordering that plaintiff's attorney be paid with twenty-fivepercent of the disability benefits compensation. Plaintiff appealed.

II.
Plaintiff first argues that the Full Commission erred by not awarding him costs and attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. We disagree.
Per the Workers' Compensation Act, "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1 (2007). The Commission's decision on whether or not to award attorney's fees "rests within the sound discretion of the Commission and will not be overturned absent a showing that the decision was manifestly unsupported by reason." Thompson v. Fed. Express Ground, 175 N.C. App. 564, 570, 623 S.E.2d 811, 815 (2006).
"The purpose of this section is to prevent `stubborn, unfounded litigiousness which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees.'" Troutman v. White & Simpson, Inc., 121 N.C. App. 48, 54, 464 S.E.2d 481, 485 (1995) (quoting Beam v. Floyd's Creek Baptist Church, 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990)). Although plaintiff makes two arguments that defendant's defense of this action is such "unfounded litigiousness" on the basis of several of the Full Commission's findings of fact, he doesnot challenge those findings as unsupported by evidence. He instead makes two arguments based on what those findings of fact imply.
Plaintiff first urges this Court to look at the tone and implications of those findings and conclude that the Full Commission itself recognized that this "inharmonious" spirit was behind defendant's defense of the action. This we decline to do.
Specifically, plaintiff concentrates on findings of fact 8-11, 14, and 15, in which the Full Commission considered defendant's testimony as to the circumstances of the incident at issue. Indeed, in finding of fact 11, the Full Commission stated: "As a result of the inconsistencies in his testimony, the Full Commission does not find [defendant] Phillips to be credible." However, the Full Commission explicitly stated in conclusion of law 10 that "[d]efendant [Phillips] did not defend this action without reasonable grounds and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1." Thus, this argument is unavailing.
Plaintiff next points to certain evidence in the record that, he argues, tends to show defendant's bad faith defense of this claim, including: defendant's failure to respond to any of the Industrial Commission forms filed by plaintiff; defendant's failure to cooperate with discovery requests; and defendant's repeated requests for continuances to obtain legal representation. While these are certainly examples of defendant's uncooperative attitude toward the litigation, we cannot say that the Full Commission abused its discretion in not categorizing them as examples of "unfounded litigiousness" and thus awarding attorney's fees and costs to plaintiff. Troutman, 121 N.C. App. at 54, 464 S.E.2d at 485. We find this argument to be without merit and, as such, affirm the Full Commission's opinion and award on this point.

III.
Plaintiff next argues that the Full Commission erred in its assessment of a penalty against defendant for failure to maintain workers' compensation insurance. We agree and remand for reconsideration.
Per N.C. Gen. Stat. § 97-94(b),
Any employer required to secure the payment of compensation under this Article who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases; and the employer shall be liable during continuance of such refusal or neglect to an employee either for compensation under this Article or at law at the election of the injured employee.
N.C. Gen. Stat. § 97-94(b) (2007). Imposition of this monetary penalty is, as this Court has noted before, mandatory, rather than at the discretion of the Commission. Johnson v. Herbie's Place, 157 N.C. App. 168, 179, 579 S.E.2d 110, 117-18 (2003).
The Full Commission acknowledged in finding of fact 14 that, although defendant had three or more full-time employees from 1988 through 22 March 2006, defendant at no time purchased workers' compensation insurance as required by N.C. Gen. Stat. § 97-93. The Full Commission also addressed this violation in conclusion of law 8, wherein it referenced N.C. Gen. Stat. § 97-94(b) (above) and concluded that "[defendant Phillips], as the sole proprietor of Men At Work Car Care, did not have a valid policy of workers' compensation insurance in effect on February 19, 2005. As such, a penalty of $50.00 per day is assessed against defendant for failing to secure workers' compensation insurance on February 19, 2005." As noted above, 19 February 2005 is the day plaintiff sustained his injury.
Given defendant Phillips's admission that he has never had workers' compensation insurance as required for defendant business and the Full Commission's finding of such as fact, we find that the Full Commission's conclusion as to the fine was improper. We reverse the opinion and award only on that point and remand for further findings of fact on that point.
Affirmed in part, reversed and remanded in part.
Judges HUNTER, Robert C., and JACKSON concur.
Report per Rule 30(e).