An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-866

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

DONNIE L. LASSITER, Employee,
    Plaintiff

v.

TOWN OF SELMA, Employer, N.C.
LEAGUE OF MUNICIPALITIES, Carrier,
    Defendants.

From the Industrial Commission
I.C. No. 589062

Appeal by Plaintiff from opinion and award entered 12 April 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 January 2014.

> *Lennon, Camak & Bertics, PLLC, by Michael W. Bertics, for Plaintiff.*
>
> *Teague Campbell Dennis & Gorham, LLP, by Dayle A. Flammia and Brian M. Love, for Defendants.*

DILLON, Judge.

Donnie L. Lassiter (Plaintiff) appeals from an opinion and award of the Full Commission of the North Carolina Industrial Commission (the Commission or Full Commission) denying his request for sanctions against Defendants Town of Selma and North

Carolina League of Municipalities. For the following reasons, we affirm.

## I. Factual & Procedural Background

In August 2005, Plaintiff contracted Lyme disease while working within the scope of his employment with Defendant Town of Selma. Plaintiff's occupational disease claim for workers' compensation benefits was initially denied; however, Plaintiff prevailed before the Commission, and the Commission's decision to award Plaintiff benefits was upheld by this Court in *Lassiter v. Town of Selma*, No. COA08-1148 (July 7, 2009) (unpublished). Defendants' petition for discretionary review was subsequently denied by our Supreme Court on 28 January 2010. *Lassiter v. Town of Selma*, 363 N.C. 805, 690 S.E.2d 700 (2010).

Plaintiff did not begin receiving workers' compensation benefits and reimbursement for any of his medical expenses until our Supreme Court filed its order denying Defendants' petition for discretionary review. Defendants thereafter generally reimbursed Plaintiff for his out-of-pocket medical expenses incurred since August 2005, but objected to Plaintiff's treatment – and reimbursement for expenses relating to such treatment – by Dr. Joseph G. Jemsek, an "infectious disease specialist," on grounds that Dr. Jemsek had been disciplined by

the North Carolina Medical Board, had had his license to practice medicine in North Carolina suspended, and was located in Washington, D.C.

On 14 September 2011, Deputy Commissioner Chrystal Redding Stanback entered an opinion and award, which (1) ordered Defendants to reimburse Plaintiff for his medical and out-of-pocket expenses incurred relating to Dr. Jemsek's treatment; and (2) ordered Defendants to pay Plaintiff's attorneys' fees on grounds that Defendants had lacked a reasonable basis for refusing to reimburse Plaintiff for these expenses.

Defendants appealed to the Full Commission, which, in an opinion and award entered 8 May 2012, ordered Defendants to reimburse Plaintiff for his past and future medical and out-of-pocket expenses relating to Dr. Jemsek's medical treatment and, additionally, ordered Defendants to reimburse the associated expenses incurred by Plaintiff's wife, who had traveled with Plaintiff and their three daughters to Plaintiff's treatments with Dr. Jemsek. The Full Commission, however, did not require Defendants to reimburse Plaintiff for his daughters' travel expenses. Moreover, the Full Commission did not issue a ruling with respect to Plaintiff's request for sanctions against Defendants under N.C. Gen. Stat. § 97-88.1. Plaintiff thus

appealed to this Court, contending that the Full Commission had erred by not granting his request for sanctions. Upon review, we remanded the matter back to the Commission, stating as follows:

> In the instant case, the 8 May 2012 Opinion and Award stated that two issues were before the Full Commission: "1. Whether Plaintiff and/or his family members are entitled to reimbursement for travel and out-of-pocket medical expenses while being treated by Dr. Jemsek?" and "2. Should any sanctions, penalties, or costs be assessed against Defendants?" The Full Commission made numerous findings of fact and conclusions of law regarding the first issue. There is no appeal before us regarding that issue. However, the findings of fact and conclusions of law did not address the latter issue, whether any sanctions, penalties, or costs should be assessed against defendants.
>
> Because "[i]t is well established that the full Commission has the duty and responsibility to decide all matters in controversy between the parties," we remand to the Industrial Commission for a determination of whether any sanctions, penalties, or costs should be assessed against defendants.

*Lassiter v. Town of Selma*, No. COA12-845 (Feb. 5, 2013) (unpublished) (citations omitted) (alteration in original).

On remand, the Commission amended its prior opinion and award by adding Finding of Fact 14 and Conclusion of Law 4, which provide as follows:

[Finding of Fact] 14. The Full Commission finds that this claim has not been prosecuted or defended without reasonable grounds. Defendants did not engage in stubborn unfounded litigiousness.

. . . .

[Conclusion of Law] 4. As this claim was not prosecuted or defended without reasonable grounds, and Defendants did not engage in stubborn unfounded litigiousness, Plaintiff is not entitled to attorney's fees, sanctions, or other penalties pursuant to N.C. Gen. Stat. § 97-88.1.

With these additions, the Commission entered its amended opinion and award on 12 April 2013. Plaintiff now appeals.

## II. Analysis

Plaintiff's sole contention on appeal is that the Commission erred in denying his request for sanctions against Defendants pursuant to N.C. Gen. Stat. § 97-88.1, which provides as follows:

> If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

N.C. Gen. Stat. § 97-88.1 (2011). As this Court has previously stated, the purpose of N.C. Gen. Stat. § 97-88.1 is "to prevent 'stubborn, unfounded litigiousness' which is inharmonious with

the primary purpose of the Workers' Compensation Act to provide compensation to injured employees." *Beam v. Floyd's Creek Baptist Church*, 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990) (citation omitted); *see also Matthews v. Charlotte-Mecklenburg Hosp. Auth.*, 132 N.C. App. 11, 16-17, 21, 510 S.E.2d 388, 393, 395-96 (1999) (explaining that the policy behind the Workers' Compensation Act is "to provide a swift and certain remedy to an injured worker and to ensure a limited and determinate liability for employers" and that N.C. Gen. Stat. § 97-88.1 "is meant to deter unfounded litigiousness").

In the specific context presented, where the Commission has awarded or denied a request for sanctions brought under N.C. Gen. Stat. § 97-88.1, this Court has articulated the applicable standard of review as follows:

> The standard of review for an award or denial of attorney's fees under N.C. Gen. Stat. § 97-88.1 . . . is a two-part analysis. "First, '[w]hether the [defendant] had a reasonable ground to bring a hearing is reviewable by this Court de novo.' " If this Court concludes that a party did not have reasonable ground to bring or defend a hearing, then we review the decision of whether to make an award and the amount of the award for an abuse of discretion. In conducting the first step of the analysis, the reviewing court should consider the evidence presented at the hearing to determine reasonableness of a defendant's claim. As such, "[t]he burden [is] on the

> defendant to place in the record evidence to support its position that it acted on 'reasonable grounds.'" . . . "[T]he test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness . . . ."

*Blalock v. Se. Material*, 209 N.C. App. 228, 231-32, 703 S.E.2d 896, 899 (2011) (internal citations omitted).

We first must determine, based upon Defendants' evidence before the Commission, whether Defendants had reasonable grounds to contest Dr. Jemsek's treatment and reimbursement of the out-of-pocket costs relating to that treatment. *Id.* at 231, 703 S.E.2d at 899. Based on the evidence presented, the Commission made findings that Dr. Jemsek was "disciplined in 2006 due to the prescription of long-term intravenous antibiotics through indwelling catheters for the treatment of Lyme disease, which had resulted in complications for several of his patients"; that "Dr. Jemsek's North Carolina license eventually became inactive"; and that "Dr. Jemsek moved his practice to Washington D.C.," where Plaintiff continued his treatment. Plaintiff points to the Commission's finding that "Defendants ha[d] not presented any evidence that the treatment provided to Plaintiff [by Dr. Jemsek] was unreasonable or unnecessary" and contends that this finding is essentially dispositive of the issue. We disagree.

The issue before us is not whether Defendants presented evidence of unreasonable treatment, but whether Defendants' *grounds* for contesting the treatment were unreasonable. Defendants' grounds for contesting Plaintiff's treatment with Dr. Jemsek – as indicated in the Commission's findings, which, in turn, were based on the evidence presented – were predicated upon Dr. Jemsek's disciplinary record, the fact that he no longer had a North Carolina medical license, and the fact that Dr. Jemsek had moved his office to Washington, D.C., resulting in additional travel expenses associated with his treatment. The Commission's determination that these grounds did not serve as adequate grounds to deny Plaintiff reimbursement for Dr. Jemsek's services did not, in and of itself, render Defendants' position unreasonable. Upon review of the record evidence, we hold that Defendants' grounds for contesting Dr. Jemsek's treatment and related expenses were not unreasonable under the circumstances; and, accordingly, we do not reach the issue of whether the Commission's decision not to award sanctions constituted an abuse of discretion. *Id.* at 231, 703 S.E.2d at 899.

AFFIRMED.

Judges STROUD and HUNTER, JR. concur.

Report per Rule 30(e).