DIANA J. LEWIS, Employee Plaintiff v. ORKAND CORPORATION, Employer; ZURICH-AMERICAN INSURANCE COMPANY, Carrier; Defendants

No. COA00-1265

(Filed 18 December 2001)

## 1. Workers' Compensation— findings of fact—supported by plaintiff's testimony

The Industrial Commission's findings of fact in a workers' compensation action were supported by the evidence where plaintiff's testimony directly supported the factual description of the circumstances as found by the Commission.

2. **Workers' Compensation— injury arising from employment—attempting to catch falling table**

The Industrial Commission in a workers' compensation action properly concluded that plaintiff's injury arose out of her employment where plaintiff was injured when she instinctively attempted to catch a falling table in a security area as she returned from a break in a cafeteria on a different floor of her building. Plaintiff was obtaining refreshment during a scheduled break in a manner approved by the employer and her actions were to the benefit of her employer.

Appeal by Defendants from Opinion and Award entered 6 July 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 September 2001.

*Prince, Youngblood & Massagee, by Sharon B. Alexander, for plaintiff-appellee.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Dale A. Curriden, for defendants-appellants.*

HUDSON, Judge.

Defendants Orkand Corporation and Zurich-American Insurance Company appeal from an Opinion and Award of the North Carolina Industrial Commission (the "Commission") awarding total disability compensation and medical expenses to Plaintiff. The only issue raised on appeal is whether the Commission erred in its determination that Plaintiff's injury arose out of her employment. We affirm.

Relevant to this appeal are the following undisputed facts, as found by the Commission. Plaintiff was injured on 2 October 1996, while employed by Orkand Corporation, a federal government subcontractor for whom she had worked for three years. Up until the day of her injury, Plaintiff worked from 6:00 a.m. until 2:30 p.m., five days per week. During each work day, Plaintiff was allowed two fifteen-minute breaks and a thirty-minute lunch break.

Orkand leased space in the Federal Building in Asheville, and Plaintiff worked on the fourth floor. The Federal Building is open to the public. Members of the general public could enter the building through an entrance on the second floor, where security guards, a metal detector, an x-ray/conveyor machine for checking personal belongings, and a metal table were located. The security guard and

equipment at this entrance were provided by a company under contract with the federal government.

On the day of the injury, Plaintiff went to a cafeteria located in the Federal Building during one of her fifteen-minute breaks. This cafeteria is located on the second floor, and Plaintiff had to pass by the security area to reach the elevator to return to her work area on the fourth floor. As Plaintiff was passing the security area, the metal table there began to fall. Plaintiff saw the table falling and reacted instinctively, going two or three steps out of her way to attempt to catch the table with her left hand. She caught the table with her left hand as it fell, but it slipped from her hand and landed on her right foot. Plaintiff sustained injuries to her left hand, wrist, and forearm, her right foot, and her lumbar spine.

The Commission determined that all of these injuries were the result of the incident on 2 October 1996, and that Defendants should pay for her medical treatment and temporary total disability benefits for loss of wage earning capacity "from October 3, 1996 to October 10, 1996 and from September 9, 1998 to the date of the hearing before the Deputy Commissioner and continuing." *See* N.C. Gen. Stat. §§ 97-25, 97-29 (1999).

Ordinarily, the questions to be considered by this Court on appeal are: (1) whether the findings are supported by the evidence; (2) whether the findings support the conclusions of law; and (3) whether the conclusions are consistent with the applicable legal principles. "[A]ppellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). On appeal from an opinion and award of the Commission, findings of fact are conclusive if they are supported by any competent evidence in the record, even if there is evidence that would support findings to the contrary. *See Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Id.*

Defendants have challenged a number of findings of fact and conclusions of law in their assignments of error, and have combined

them all into one argument in their brief. In the assignments of error, however, Defendants have referred to findings and conclusions of the Deputy Commissioner, not to those of the Full Commission. Under N.C. Rule of Appellate Procedure 10, these assignments of error do not serve to bring forward challenges to the findings and conclusions of the Full Commission. *See* N.C. R. App. Proc. 10(c)(1) (1999). In *Adams,* our Supreme Court held that the Commission in a workers' compensation case may not simply affirm and adopt the findings of a deputy commissioner, but is required to conduct its own review of the evidence; "the ultimate fact-finding function [lies] with the [Full] Commission—not the hearing officer." *Adams,* 349 N.C. at 681, 509 S.E.2d at 413; *see Deese,* 352 N.C. at 115, 530 S.E.2d at 552-53. Thus, it is the Opinion and Award of the Commission, not that of the Deputy Commissioner, that comes before this Court for review. However, because the findings and conclusions of the Commission are nearly identical to those of the Deputy Commissioner, and we presume that this error was in the nature of a clerical oversight, we exercise our discretion under N.C. Rule of Appellate Procedure 2 to review the issue further.

In the Record on Appeal, Defendants have assigned as error the following:

1. Finding of Fact No. 14, wherein the Commission found that "Since the Plaintiff had only short breaks, she was required to go to this cafeteria in order to obtain refreshment during her work day. The conditions of employment placed the employee near this table every time she went to the cafeteria and as she entered, left and, at times, moved about the Federal Building," on the ground that there is insufficient evidence in the record to support it.

   Record, p. 26-27

2. Finding of Fact No. 15, wherein the Commission found that "The incident with the falling table was an injury by accident. Plaintiff was in the course and scope of her employment when she suffered the injury by accident," on the ground that it is not supported by sufficient competent evidence and is contrary to law.

   Record, p. 27

Defendants make no argument in support of the contention that there is no evidence to support Finding of Fact No. 14; thus under N.C. Rule

of Appellate Procedure 28, the first assignment of error is deemed abandoned. *See* N.C. R. App. Proc. 28(a) (1999).

**[1]** The remaining assignments of error (numbers 2-14) include challenges to Finding of Fact No. 15, and to the conclusions of law and the award. In their one argument, Defendants assert, in essence, that the evidence and the law do not support the factual inference or legal conclusion that Plaintiff's actions benefitted her employer or arose from a risk which was incidental to her employment. Therefore, Defendants submit, Plaintiff's injuries could not have resulted from an "injury by accident arising out of and in the scope of" her employment.

Finding No. 15 is a mixed finding of fact and conclusion of law. To the extent that it is a factual finding, we hold that it is supported by the evidence. Plaintiff's testimony directly supports the factual description of the circumstances, as found by the Commission.

**[2]** Having determined that the findings of fact are supported by the evidence, we turn to the Commission's conclusions of law, which we review *de novo*, and which we also affirm. *See Snead v. Carolina Pre-Cast Concrete, Inc.*, 129 N.C. App. 331, 335, 499 S.E.2d 470, 472, *cert. denied*, 348 N.C. 501, 510 S.E.2d 656 (1998). Defendants argue that Plaintiff's injury did not "aris[e] out of" the employment as that phrase has been defined by the courts, since it was not the result of an activity incidental to her job. *See Roberts v. Burlington Industries*, 321 N.C. 350, 364 S.E.2d 417 (1988); *Culpepper v. Fairfield Sapphire Valley*, 93 N.C. App. 242, 377 S.E.2d 777, *aff'd per curiam*, 325 N.C. 702, 386 S.E.2d 174 (1989). In both of these cases, the plaintiffs were injured assisting motorists on the roadside, while on the way home from a business trip or work. Defendant maintains that the facts here are sufficiently analogous that these cases are controlling. We disagree. In both cases, the plaintiffs had left work and were driving home, when they stopped on their own volition to render assistance. Although the plaintiffs' actions were admirable, any benefit to the employer was too remote for our courts to hold that the incidents arose out of the employment.

We agree with Plaintiff that the circumstances here are more similar to the facts in *Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E.2d 97 (1946), and *Shaw v. Smith & Jennings, Inc.*, 130 N.C. App. 442, 503 S.E.2d 113, *disc. rev. denied*, 349 N.C. 363, 525 S.E.2d 175 (1998). In *Rewis*, the plaintiff's deceased husband (the employee) was killed while, during a personal visit to the washroom, he became faint and

fell through an open window. The Supreme Court clearly indicated that personal breaks are included within the scope of the employment. "An employee, while about his employer's business, may do those things which are necessary to his own health and comfort, even though personal to himself, and such acts are regarded as incidental to the employment." *Rewis*, 226 N.C. at 328, 38 S.E.2d at 99.

More recently, this Court issued its decision in the *Shaw* case, which we do not find distinguishable in any significant respect. There, the employee was killed in a motor vehicle crash that occurred while he was going to get coffee during a scheduled ten-minute "on the clock" break. This Court upheld the Commission's determination that the incident arose out of the employment. We summarized earlier decisions in which injuries sustained during personal breaks were held covered by workers' compensation:

> This Court has held that if the employee's injury is "fairly traceable to the employment" or "any reasonable relationship to employment exists," then it is compensable under the Act. *White v. Battleground Veterinary Hosp.*, 62 N.C. App. 720, 723, 303 S.E.2d 547, 549, *disc. review denied*, 309 N.C. 325, 307 S.E.2d 170 (1983) (citation omitted). An employee is injured in the course of his employment when the injury occurs "under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business." *Powers v. Lady's Funeral Home*, 306 N.C. 728, 730, 295 S.E.2d 473, 475 (1982) (citations omitted).

*Shaw*, 130 N.C. App. at 445-46, 503 S.E.2d at 116. Quoting *Harless v. Flynn*, 1 N.C. App. 448, 456-57, 162 S.E.2d 47, 53 (1968), we observed in *Shaw* that

> "[T]he fact that the employee is not engaged in the actual performance of the duties of his job does not preclude an accident from being one within the course of employment. . . .

> In tending to his personal physical needs, an employee is indirectly [benefitting] his employer. Therefore, the course of employment continues when the employee goes to the washroom, takes a smoke break, [or] *takes a break to partake of refreshment . . . .*"

*Shaw*, 130 N.C. App. at 446, 503 S.E.2d at 117 (alterations and emphasis in original). The Court in *Shaw* went on to hold that the

ZIMMERMAN v. EAGLE ELEC. MFG. CO.

[147 N.C. App. 748 (2001)]

Commission properly concluded that the death arose out of and in the course of the decedent's employment, on the basis of the facts that the employee was on a paid break a short distance from the work-site, he had left the premises because of the absence of closer facilities for food and drink, and the employer acquiesced in the employees going off the work-site for refreshments. *See id.* at 447, 503 S.E.2d at 117.

Here, as in *Rewis* and *Shaw*, Plaintiff was obtaining refreshment during a scheduled break, in a manner approved by the employer. Further, her actions in attempting to break the fall of the table, which was part of the security system for the entire building, was to the benefit of her employer as well as others in the building.

In drawing this conclusion, we are mindful that the Supreme Court has stated on numerous occasions that the Workers' Compensation Act is to be construed liberally in favor of awarding benefits. *See, e.g., Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 578, 336 S.E.2d 47, 54 (1985). Based upon this fundamental principle, we hold that the Commission properly concluded that Plaintiff's injury was one "arising out of" her employment, and therefore constituted an injury by accident.

Affirmed.

Judges WALKER and McGEE concur.