ANITA THOMPSON, Employee, Plaintiff v. FEDERAL EXPRESS GROUND, Employer, CRAWFORD & COMPANY, Carrier, Defendants

No. COA05-34

(Filed 17 January 2006)

### 1. Workers' Compensation— unauthorized medical treatment—approval not timely sought

The Industrial Commission's findings that a workers' compensation plaintiff had not sought timely approval of treatment by an osteopath was binding where plaintiff did not assign error to

those findings. Defendants were not required to pay for treatments from the osteopath beyond those approved by her treating physician.

**2. Workers' Compensation— unauthorized medical expenses—retroactively sanctioned by treating physician—further treatment not covered**

Expenses for osteopathic treatment for a workers' compensation plaintiff beyond that approved by the treating physician were not subject to Rule 407(4) of the Workers' Compensation Rules, and defendants did not have to pay for those treatments. The treating physician retroactively sanctioned the initial treatment but did not refer plaintiff to the osteopath. He did not recommend further treatment.

**3. Workers' Compensation— attorney fees not awarded—no abuse of discretion**

The Industrial Commission did not abuse its discretion in a workers' compensation case by not awarding attorney fees as a sanction for unreasonable defense.

Appeal by plaintiff from opinion and award entered 1 September 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 December 2005.

*Browne, Flebotte, Wilson, Horn & Webb, PLLC, by Martin J. Horn, for plaintiff-appellant.*

*McAngus Goudelock & Courie, PLLC, by Louis A. Waple and Joseph N. Hamrick, for defendants-appellees.*

STEELMAN, Judge.

Plaintiff, Anita Thompson, appeals an opinion and award concluding that defendant-carrier, Crawford and Company, was not required to pay for certain medical treatments plaintiff obtained from an unauthorized physician. For the reasons discussed herein, we affirm the determination of the Industrial Commission.

At the time of plaintiff's hearing before the Industrial Commission, she was fifty-eight years old. She had a BA in business administration and an MA in education. Plaintiff was hired by defendant-employer, Federal Express Ground, as a manager in training. Upon successful completion of her training, plaintiff would have been a

terminal manager. Shortly after she was hired, plaintiff suffered a compensable injury by accident on 16 December 2000 while removing luggage from her car. At the time of her injury, plaintiff's average weekly wage was $1,076.00. This entitled her to compensation at the rate of $558.00, which she continues to receive for temporary total disability.

Following the plaintiff's injury, she initially went to Hillandale Medical Center for treatment, but was later referred to Triangle Orthopedic Associates and saw Dr. Raphael Orenstein, who became her treating physician. Dr. Orenstein's notes reflect plaintiff complained of pain in her neck and lower back. He recommended conservative treatment, including therapy, medication, and chiropractic care. Plaintiff was permitted to return to work with modified duty restrictions. She was not to lift anything greater than ten pounds or do any repetitive bending or twisting. Upon her return to Dr. Orenstein, plaintiff reported her pain was worse and involved her entire body. Plaintiff also reported pain when driving and requested a restriction of no driving. Dr. Orenstein continued plaintiff on modified work restrictions. Despite an MRI scan, the doctor was unable to determine the source of plaintiff's pain. When plaintiff did not respond to the treatment, Dr. Orenstein recommended she attend an interdisciplinary pain program geared toward changing a patient's attitude toward pain. In response to this recommendation, plaintiff underwent a psychological evaluation by Dr. Scott Sanitate on 11 April 2001. Dr. Sanitate found no physical cause for plaintiff's pain and determined her symptoms were not consistent with the described injury. He opined that plaintiff's pain was psychological. He concluded plaintiff had reached maximum medical improvement, was able to return to work, and her condition did not warrant an impairment rating. The only treatment Dr. Sanitate recommended was a limited course of chiropractic treatment. Based on Dr. Sanitate's report, defendants did not authorize plaintiff to participate in the interdisciplinary pain program.

At this time, plaintiff requested a referral for a second opinion with an osteopath. Dr. Orenstein felt this was unnecessary. He felt that since plaintiff had not experienced any relief from chiropractic treatment, it was unlikely she would experience any additional relief from an osteopath. Despite Dr. Orenstein's refusal to refer plaintiff, she found an osteopath via the Internet, and commencing 24 April 2001, received treatment from Dr. Thomas Motyka, an osteopathic consultant at UNC hospitals. Although Dr. Orenstein disagreed with

Dr. Motyka's diagnosis of fibromyalgia, he later stated that in his opinion Dr. Motyka's treatment from 24 April 2001 through 26 June 2001 was not necessarily inconsistent with the type of chiropractic treatment he recommended and was reasonable and necessary. However, as of 26 June 2001, Dr. Orenstein did not recommended any further chiropractic or osteopathic treatment. Although plaintiff received treatment from Dr. Motyka starting 24 April 2001, she did not request approval from the Industrial Commission until she filed a motion on 15 May 2002.

Defendants refused to pay for Dr. Motyka's treatment. Plaintiff filed a Form 33 asserting she was not receiving disability benefits. The Full Commission (Commission) filed an Opinion and Award on 1 September 2004 awarding plaintiff temporary total disability at the weekly rate of $588.00 and instructing defendants to pay for all medical expenses plaintiff had incurred or would incur as a result of her compensable injury, including expenses associated with Dr. Motyka's treatment for the limited period from 24 April 2001 through 26 June 2001. The Commission further ordered that neither Dr. Motyka nor Dr. Orenstein were approved as plaintiff's treating physicians. Finally, the Commission determined that defendants' defense against plaintiff's medical claims was reasonable and not based on stubborn, unfounded litigiousness. As a result, it held plaintiff was not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Plaintiff appeals.

Our review of an award by the Industrial Commission is limited to: (1) whether there was competent evidence before the Commission to support its findings; and (2) whether such findings support its legal conclusions. *Lewis v. Orkland Corp.*, 147 N.C. App. 742, 744, 556 S.E.2d 685, 687 (2001). Findings of fact from an opinion and award of the Commission, if supported, are deemed conclusive, even if there is evidence that would support findings to the contrary. *Id.* On appeal, this Court does not have the authority to weigh the evidence or make determinations of credibility, rather our duty goes no further than to determine whether the record contains any evidence tending to support the Commission's findings. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (citations omitted).

[1] In plaintiff's first argument, she contends the Commission erred in concluding that defendants were not responsible for expenses incurred for her treatment by Dr. Motyka because defendant-carrier had no right to direct any medical care she obtained before the date

it accepted the claim pursuant to N.C. Gen. Stat. § 97-25, nor was she required to seek approval from the Commission to change Dr. Motyka as her treating physician. We disagree.

Generally, an employer has the right to direct the medical treatment for a compensable work injury. *Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 623-24, 540 S.E.2d 785, 788 (2000). Even so, an employer's right to direct medical treatment, which necessarily includes the right to select the treating physician, only arises once the employer accepts the claim as compensable. *Id.* at 624, 540 S.E.2d at 788. Although defendant-carrier paid plaintiff's medical bills, this did not constitute an acceptance of liability. *Biddix v. Rex Mills*, 237 N.C. 660, 664, 75 S.E.2d 777, 780-81 (1953). Since defendants did nothing to accept the claim, other than to pay plaintiff's bills, the date liability is deemed to have been accepted is 8 August 2001, the date defendants filed the Form 60. The Commission ordered defendants to pay plaintiff's medical bills, including those to Dr. Motyka from 24 April 2001 through 26 June 2001. Thus, the only medical expenses that are at issue are those arising from Dr. Motyka's care from 27 June 2001 until 8 August 2001, when defendants officially admitted liability by filing a Form 60. After that date, defendants would be entitled to direct plaintiff's medical treatment.

Defendants would ordinarily be required to pay for the treatment plaintiff received from Dr. Motyka during this period. However, N.C. Gen. Stat. § 97-25 imposes upon an employee who chooses his or her own physician the requirement that they obtain the approval of the Commission within a reasonable time after associating with the physician. This statute provides that "an injured employee may select a physician of his own choosing to attend, prescribe and assume the care and charge of his case, *subject to the approval of the Industrial Commission.*" N.C. Gen. Stat. § 97-25 (2005) (emphasis added). This approval is required for each physician an employee chooses. *Lucas v. Thomas Built Buses, Inc.*, 88 N.C. App. 587, 590, 364 S.E.2d 147, 150 (1988). "Moreover, the claimant must obtain the Industrial Commission approval for the selected physician within a reasonable time after procuring the services of the physician." *Forrest v. Pitt County Bd. of Education*, 100 N.C. App. 119, 126, 394 S.E.2d 659, 663 (1990). It is for the Commission to determine whether approval was sought within a reasonable time after treatments with the physician began and to make the appropriate findings in support of its determination. *Scurlock v. Durham County Gen. Hosp.*, 136 N.C. App. 144, 152, 523 S.E.2d 439, 444 (1999). Absent the Commission's approval,

the employer is not required to pay for those medical services. *See Forrest*, 100 N.C. App. at 126, 394 S.E.2d at 663.

In the instant case, the Commission specifically found:

11. Though [plaintiff] received unauthorized treatment from Dr. Motyka beginning on April 24, 2001, plaintiff did not request Industrial Commission approval of the treatment until a Motion was filed May 15, 2002, almost one year later. Plaintiff, who was represented by counsel, had ample opportunity to request approval earlier as numerous forms and Motions were filed during this time and the circumstances involved did not constitute [an] emergency situation, especially in light of the treatment being provided.

The Commission went on to find that plaintiff's motion to approve Dr. Motyka was "not timely filed." Plaintiff did not assign as error these findings in the record on appeal. As a result, these findings are presumed to be supported by competent evidence and are binding on appeal. *Konrady v. U.S. Airways, Inc.*, 165 N.C. App. 620, 628, 599 S.E.2d 593, 598 (2004). Since plaintiff failed to obtain the Commission's approval of Dr. Motyka within a reasonable time, defendants were not required to pay for her treatments with Dr. Motyka from 27 June 2001 until 8 August 2001.

**[2]** In the alternative, plaintiff argues that pursuant to Rule 407(4) of the Workers' Compensation Rules of the North Carolina Industrial Commission, the Commission should have required defendants to pay all of her medical expenses associated with Dr. Motyka's treatment because Dr. Orenstein, her authorized treating physician, referred her to Dr. Motyka.

Rule 407(4) provides:

The responsible employer or carrier/administrator shall pay the statements of medical compensation providers to whom the employee *has been referred* by the authorized treating physician, unless said physician has been requested to obtain authorization for referrals or tests; . . .

Workers' Compensation Rules of the North Carolina Industrial Commission, Rule 407(4) (2005) (emphasis added). The Commission found that "[plaintiff] located an osteopath via the Internet and on April 24, 2001 received treatment *on her own* from Dr. Thomas

MAPCO, INC. v. N.C. DEP'T OF TRANSP.

[175 N.C. App. 570 (2006)]

Motyka, an osteopathic consultant at UNC Hospitals . . . ." (emphasis added). Dr. Orenstein did not refer plaintiff to Dr. Motyka; he retroactively sanctioned the treatment provided from 24 April through 26 June 2001. However, he did not recommend further treatment after that time. For this reason, the expenses for medical treatment provided by Dr. Motyka after 26 June 2001 are not subject to Rule 407(4). This argument is without merit.

[3] In plaintiff's second argument, she contends the trial court erred in declining to award attorney's fees as a sanction against defendants for unreasonable defense of her claim. We disagree.

Pursuant to N.C. Gen. Stat. § 97-88.1, the Commission may award attorney's fees if it determines that a hearing has been unreasonably brought or defended. The decision whether to award or deny attorney's fees rests within the sound discretion of the Commission and will not be overturned absent a showing that the decision was manifestly unsupported by reason. *Bryson v. Phil Cline Trucking*, 150 N.C. App. 653, 656, 564 S.E.2d 585, 587 (2002). Our review of the record fails to disclose an abuse of discretion by the Commission. This argument is without merit.

The remainder of plaintiff's assignments of error are either not argued in her brief or no authority is cited in support thereof. As such, they are deemed abandoned. N.C. R. App. P. 28(b)(6).

AFFIRMED.

Judges WYNN and LEWIS concur.