An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-636

Filed 1 October 2025

North Carolina Industrial Commission, No. 19-755320

KATHLEEN M. CAMACHO, Employee, Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION f/k/a NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Employer, SELF-INSURED (CCMSI, Third Party Administrator), Defendant.

Appeal by Plaintiff from opinion and award entered 10 May 2024 by the North Carolina Industrial Commission. Heard in the Court of Appeals 28 January 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Latasia A. Fields, for Defendant-Appellee.*

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner and David P. Stewart, for Plaintiff-Appellant.*

CARPENTER, Judge.

Kathleen M. Camacho ("Plaintiff") appeals from the opinion and award (the "Opinion and Award") entered on 10 May 2024 by the full North Carolina Industrial Commission (the "Full Commission"), reversing in part the deputy commissioner's opinion and award and denying in part Plaintiff's claim for workers' compensation

benefits. After careful review, we affirm the Opinion and Award.

## I. Factual & Procedural Background

On 15 July 2019, Plaintiff began working as a registered nurse for the North Carolina Department of Adult Correction[1] ("Defendant") at a correctional facility in Burgaw, North Carolina. On 18 July 2019, Plaintiff participated in Defendant's pepper-spray training so she could carry pepper spray while she worked at the facility. Registered nurses at the facility are not required to carry pepper spray, but if they want to, they must complete Defendant's pepper-spray training.

During the training, a corrections officer sprayed each participant in the eyes with pepper spray. Afterwards, participants completed a series of training stations before rinsing off with a hose. In particular, after being sprayed with pepper spray, participants were required to "run to an officer and . . . hit[,]" "go to another officer and . . . kick[,]" and then go "back to home plate and . . . kneel down."

After the officer sprayed her left eye with pepper spray, Plaintiff immediately experienced difficulty breathing. Plaintiff informed the officer that the spray was dripping down her face and under her clothes, causing a burning sensation across her face and body. Thereafter, Plaintiff completed the training tasks and again expressed concerns about her symptoms. Officers told Plaintiff that her symptoms were "normal" and to "not worry about it." Plaintiff then rinsed her eyes and skin with the

---

[1] Prior to becoming an independent agency on 1 January 2023, the North Carolina Department of Adult Correction was housed in the North Carolina Department of Public Safety.

hose. Despite rinsing, Plaintiff experienced impaired vision, difficulty breathing and walking, and a burning sensation across her face and body. For a third time, Plaintiff notified officers of her symptoms, but officers reiterated that her symptoms were normal and would subside. An officer told Plaintiff that "it might take a while" for her symptoms to subside, so Plaintiff waited at the facility for over an hour before she drove herself home. Plaintiff was also told "[g]o home and take a bath and you'll feel better by tomorrow."

Plaintiff testified that the pain and burning eventually subsided after she returned home, but the skin around her eyes remained red and began to thin. On 23 July 2019, Plaintiff attended a two-day training ("HERO Training") sponsored by Defendant in Raeford, North Carolina, to learn how to use Defendant's "computer system." After observing Plaintiff's swollen eyes, the HERO training instructor ended the training early and directed Plaintiff to seek medical attention.

On 24 July 2019, Plaintiff sought emergency medical care at the New Hanover Regional Medical Center at Scotts Hill (the "Medical Center"), where an abscess over Plaintiff's right eye was incised, drained, and packed. That same day, Plaintiff was prescribed antibiotics and discharged. On 25 July 2019, Plaintiff returned to the Medical Center, where she was admitted to inpatient care and diagnosed with a bacterial infection, Methicillin Resistant Staphylococcus Aureus ("MRSA"), around her eyes. Following Plaintiff's diagnosis, the abscesses over Plaintiff's eyes were

again incised, drained, and packed, and she was administered intravenous antibiotics. Plaintiff was discharged on 31 July 2019.

On 2 August 2019, Defendant began preparing a Form 19 Employer's Report of Employee's Injury or Occupational Disease to the Industrial Commission, indicating that Plaintiff's eye infection occurred after she was "[b]it by something while at HERO training or at [the] hotel." According to Plaintiff, she did not inform Defendant that she suffered an injury during HERO training or that she was bitten by an insect. Plaintiff returned to work for Defendant without restrictions on 12 August 2019. Plaintiff's primary-care doctor, Casey Miller, treated Plaintiff for "ongoing complications from OC spray exposure" and excused Plaintiff from work for the periods of: 19 August 2019 to 26 August 2019; 4 September 2019 to 9 September 2019; and 1 October 2019 to 7 October 2019.

On 28 October 2019, Plaintiff filed a Form 18 Notice of Accident to Employer and Claim of Employee, Representative, or Dependent, alleging she sustained an injury by accident on 18 July 2019 due to "an unexpected adverse reaction to pepper spray during training" which caused her to "contract[] MRSA in open wounds." On 6 November 2019, Defendant filed a Form 61 Denial of Workers' Compensation Claim, alleging there was "[n]o solid evidence to indicate that [Plaintiff] sustained a compensable injury by accident arising out of and in the course and scope of employment." Plaintiff did not return to work for Defendant after 7 November 2019.

On 28 January 2020, Plaintiff filed a second Form 18, again alleging that she sustained an injury by accident on 18 July 2019 at the pepper-spray training. Specifically, Plaintiff alleged scarring to her eyes, face, and body after experiencing a severe allergic reaction to the pepper spray. On 11 March 2020, Plaintiff requested that her claim be assigned for a hearing before the Industrial Commission. On 22 April 2020, Defendant filed a Form 33R Response to Request That Claim be Assigned for Hearing, arguing Plaintiff had not asserted a compensable claim.

On 17 June 2022, Deputy Commissioner Lori A. Gaines conducted a hearing on Plaintiff's claim. Deputy Commissioner Gaines filed an opinion and award, concluding that Plaintiff "sustained an injury by accident on 18 July 2019, that arose out of and in the course of her employment." Therefore, Plaintiff was "entitled to payment for medical benefits, indemnity benefits, and benefits for scarring/disfigurement to her face[,]" as well as "payment for total disability compensation from 24 July 2019 to 31 January 2020."

On 22 August 2023, Defendant submitted a Form 44 Application for Review and brief (the "Brief") to the Full Commission. The Full Commission heard Defendant's appeal on 9 November 2023. On 10 May 2024, the Full Commission issued the Opinion and Award, concluding Plaintiff sustained a compensable injury by accident on 18 July 2019 which resolved on 9 August 2019. The Full Commission further concluded that Plaintiff was entitled to payment for medical care she received between 18 July 2019 and 9 August 2019, but she was not entitled to disability

compensation after 11 August 2019.  On 17 May 2024, Plaintiff filed written notice of appeal to this Court.

## II.  Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 7A-29(a) and 97-86 (2023).

## III.  Issues

The issues are whether the Full Commission erred by: (1) declining to dismiss Defendant's appeal; (2) permitting Defendant to present oral arguments on the issues of temporary total disability ("TTD") and permanent partial disability ("PPD"); (3) making findings in the Opinion and Award on the issues of TTD and PPD; and (4) declining to sanction Defendant for an unreasonable defense to Plaintiff's claim.

## IV.  Analysis

Several of Plaintiff's arguments stem from one overarching issue: whether Defendant stated its TTD and PPD arguments with sufficient particularity. According to Plaintiff, because Defendant failed to state its TTD and PPD arguments with particularity, the Full Commission erred by failing to dismiss Defendant's appeal, allowing Defendant to present oral arguments on the issues, and making related findings in the Opinion and Award.  Additionally, Plaintiff contends the Full Commission erred by failing to sanction Defendant for asserting an unreasonable defense.  For the following reasons, we disagree.

### A.  Particularity

First, Plaintiff argues the Full Commission erred by failing to conclude that Defendant waived its TTD and PPD arguments due to non-compliance with the particularity requirement of North Carolina Industrial Commission Rule 701. As a result, Plaintiff contends, the Full Commission further erred by failing to dismiss Defendant's appeal, allowing Defendant to present oral arguments on TTD and PPD, and making related findings in the Opinion and Award.

Pursuant to Rule 701, the party appealing a deputy commissioner's opinion and award must submit a Form 44 Application for Review, "stating with particularity all assignments of error and grounds for review." 11 N.C. Admin. Code 23A.0701(d) (2023). Particularity is required because "[w]ithout notice of the grounds for appeal, an appellee has no notice of what will be addressed by the Full Commission." *Roberts v. Wal-Mart Stores, Inc.*, 173 N.C. App. 740, 744, 619 S.E.2d 907, 910 (2005). "[T]he penalty for non-compliance with the particularity requirement is waiver of the grounds, and, where no grounds are stated, the appeal is abandoned." *Wade v. Carolina Brush Mfg. Co.*, 187 N.C. App. 245, 249, 652 S.E.2d 713, 715–16 (2007) (citations omitted).

"[T]he portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission." *Roberts*, 173 N.C. App. at 744, 619 S.E.2d at 910. But this Court has recognized that the Full Commission has the "discretion to waive the filing requirement of an appellant's Form 44 where the appealing party has stated its grounds for appeal with

particularity in a brief or other document filed with the Full Commission . . . ." *Cooper v. BHT Enterprises*, 195 N.C. App. 363, 369, 672 S.E.2d 748, 753–54 (2009). Accordingly,

> [w]e determine whether the Commission abused its discretion by not ruling that defendants waived issues by violating Rule 701 through our consideration of whether the appellant provided the appellee with adequate notice of the grounds for appeal through other means such as addressing the issue in its brief to the Full Commission and whether the Commission addressed the issues raised by appellants in its Opinion and Award.

*Lowe v. Branson Auto.*, 240 N.C. App. 523, 535, 771 S.E.2d 911, 919 (2015) (internal quotations and citations omitted).

Here, Defendant assigned error in its Form 44, in relevant part, to conclusions of law eight and nine in the deputy commissioner's opinion and award. Particularly, Defendant alleged the conclusions were "unsupported by the competent evidence in the record." Conclusion of law eight provides:

> Plaintiff proved that she sustained an injury by accident on 18 July 2019, that arose out of and in the course of her employment resulting in periorbital cellulitis, MRSA, and possibly other skin infections and she has sustained scarring as a result of these infections. Therefore, Plaintiff is entitled to payment for medical benefits, indemnity benefits, and benefits for scarring/disfigurement to her face.

Conclusion of law nine states, "Plaintiff is entitled to payment for total disability compensation from 24 July 2019 to 31 January 2020, at the weekly compensation rate of $801.32. Defendant paid wages during this period in the amount of

$13,832.81, therefore TTD is owed, subject to attorneys' fees set forth herein."

Defendant further assigned error, in relevant part, to the corresponding awards one

and six, which provide:

> 1. Subject to the attorney's fee approved below and any credit owed [D]efendant for employer wages paid and received by Plaintiff, [D]efendant shall pay Plaintiff weekly disability compensation at the weekly compensation rate $801.32 per week, from 24 July 2019, to 31 January 2020, and shall be paid in a lump sum, in addition to the attorneys' fee set forth below. Defendant is entitled to a credit for all wages paid to Plaintiff for the period from 24 July 2018 through 31 January 2020 in the amount of $13,832.82 (sic); however, [D]efendant shall pay the difference between the gross wages and the TTD owed for this same period in the amount of $21,063.00, which results in the payment of $7,230.19 due to Plaintiff, in addition to the attorney fee set forth herein.
> . . .
> 6. Plaintiff is entitled to payment for facial scarring of $3,000.00, subject to a 25 percent attorneys' fee. The attorneys' fee shall not be deducted from the total amount due, but shall be paid in addition to the award for facial scarring.

In its Brief, Defendant argued Plaintiff's claim that she "continued to suffer from

rashes and wounds as a result of being pepper sprayed during training following her

discharge from the hospital on July 31, 2019" was not supported by evidence and the

deputy commissioner erred by concluding that Plaintiff's claim was compensable.

Considering Defendant's assignment of error to conclusion of law eight and

corresponding award six in its Form 44, it is apparent from context that Defendant

disputed the deputy commissioner's PPD determination. Specifically, Defendant

argued Plaintiff did not prove that her compensable injury caused the subsequent infections which ultimately led to the scarring—the basis for the deputy commissioner's PPD determination. Similarly, in its Brief, Defendant argued Plaintiff failed to prove "that she was in any way restricted from working due to the pepper spray incident and her MRSA infection" because her infection "was completely resolved following her discharge from the hospital on July 31, 2019." In addition, as Defendant assigned error to conclusion of law nine and corresponding award number one in its Form 44, it follows that Defendant disputed the deputy commissioner's TTD determination and award because Plaintiff could return to work after her compensable injury resolved on 31 July 2019. Though Defendant's contentions could have been articulated more precisely in its Form 44, Defendant's Form 44 and Brief provided adequate notice of its TTD and PPD arguments. *See Lowe*, 240 N.C. App. at 535, 771 S.E.2d at 919.

Because Plaintiff had adequate notice of Defendant's TTD and PPD arguments, Defendant substantially complied with the particularity requirement of Rule 701 as interpreted and applied by this Court in previous opinions. *See id.* at 535, 771 S.E.2d at 919. Thus, the Full Commission did not abuse its discretion by failing to conclude that Defendant waived its arguments regarding TTD and PPD. As a result, Plaintiff's remaining arguments pertinent to this issue also fail. Accordingly, we affirm the Opinion and Award.

**B. Sanctions**

Next, Plaintiff contends the Full Commission erred by declining to sanction Defendant by awarding her attorney's fees. In particular, Plaintiff asserts Defendant's "assumption of the risk" defense was improper because it is "completely inconsistent with" the Workers' Compensation Act.

The Full Commission may award reasonable attorney's fees as a sanction if it determines "that any hearing has been brought, prosecuted, or defended without reasonable ground." N.C. Gen. Stat. § 97-88.1 (2023). "The purpose of [N.C. Gen. Stat. § 97-88.1] is to prevent stubborn, unfounded litigiousness which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees." *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 54, 464 S.E.2d 481, 485 (1995) (internal quotation marks and citation omitted). "The decision whether to award or deny attorney's fees rests within the sound discretion of the Commission and will not be overturned absent a showing that the decision was manifestly unsupported by reason." *Thompson v. Fed. Express Ground*, 175 N.C. App. 564, 570, 623 S.E.2d 811, 815 (2006).

Here, Defendant argued before the deputy commissioner and the Full Commission:

> Plaintiff's intentional decision to voluntarily participate in a training wherein she agreed to be sprayed in the face with pepper spray cannot constitute an accident under the workers' compensation act. Plaintiff not only knew that she would be sprayed, but by her consent to the voluntary exercise negates any claim that being pepper sprayed was an unexpected or unlooked for event that was not designed

- 11 -

by Plaintiff.

The deputy commissioner concluded "[b]ecause Plaintiff has failed to show that Defendant['s] defense of this matter was unreasonable or grounded in unfounded litigiousness, she is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1." The Full Commission agreed, and concluded "based upon the preponderance of the evidence in view of the entire record" that "Defendant did not unreasonably defend Plaintiff's claim." In reaching this conclusion, the Full Commission specifically considered "the unusualness of Plaintiff's injury, the complexity of her condition, and the notation in Plaintiff's medical records regarding other causes, such as a bug bite." Given these considerations, along with Defendant's partially successful appeal to the Full Commission, the Full Commission's decision to not sanction Defendant was not "arbitrary" or "manifestly unsupported by reason." *See id.* at 570, 623 S.E.2d at 815. Accordingly, the Full Commission did not abuse its discretion. *See id.* at 570, 623 S.E.2d at 815.

## V. Conclusion

The Full Commission did not abuse its discretion by failing to conclude that Defendant waived its arguments for TTD and PPD because Plaintiff received adequate notice of those arguments. Further, the Full Commission did not abuse its discretion by declining to sanction Defendant. Accordingly, we affirm the Opinion and Award.

AFFIRMED.

Judges TYSON and FREEMAN concur.

Report per Rule 30(e).