JACK BRYSON, Employee, Plaintiff v. PHIL CLINE TRUCKING, Employer, SELF-INSURED (Key Risk Management Services), Administrator, Defendants

No. COA01-708

(Filed 18 June 2002)

**Costs; Workers' Compensation— attorney fees—unfounded litigiousness**

Although both parties in a workers' compensation case appeal the Industrial Commission's award of attorney fees under N.C.G.S. § 97-88.1 to plaintiff in the amount of $2,500, approximately one quarter of plaintiff's reasonable attorney expenses, as a punitive measure for defendant's unfounded litigiousness based on defendant's refusal to authorize a dorsal column stimulator to

control plaintiff's pain, the Industrial Commission did not abuse its discretion, because: (1) there is no indication that the Commission substantially relied upon the isolated findings of fact which plaintiff contends are unsupported by the record; (2) plaintiff made no showing that the Commission's recognition in its conclusions of law of the earlier award of attorney fees granted to plaintiff under N.C.G.S. § 97-90 impacted its decision to award plaintiff $2,500 under N.C.G.S. § 97-88.1; (3) although plaintiff contends the amount awarded was less than a slap on the wrist to defendants, there were no findings to indicate that defendants' actions were otherwise particularly egregious or outrageous; (4) defendant had reasonable grounds to appeal the deputy commissioner's award of $10,500 in attorney fees, and defendant prevailed in part on the sole issue of attorney fees on appeal; and (5) the evidence adequately supports the Commission's finding that defendant has not offered sufficient medical evidence to contradict the doctor's recommendation that the requested treatment is reasonable and necessary to control plaintiff's pain, and that defendant's continued refusal to authorize the treatment and to force the issue to a hearing constituted unfounded litigiousness.

Appeal by plaintiff and cross-appeal by defendants from opinion and award entered 31 January 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 March 2002.

*Donaldson & Black, P.A., by Anne R. Harris, for plaintiff appellant.*

*Morris York Williams Surles & Barringer, L.L.P., by C. Michelle Sain, for defendant appellees.*

TIMMONS-GOODSON, Judge.

Jack Bryson ("plaintiff") and Phil Cline Trucking ("employer"), along with Key Risk Management Services ("administrator") (collectively, "defendants"), appeal from an opinion and award of the North Carolina Industrial Commission ("the Commission"). For the reasons stated herein, we affirm the opinion and award of the Industrial Commission.

The facts pertinent to the instant appeal are as follows: On 12 March 1994, plaintiff suffered injury to his lower back and left hip while performing maintenance work on a truck leased to employer.

As a result of his injury, plaintiff underwent several surgical procedures to improve the condition of his back. By opinion and award filed 26 October 1995, the Commission concluded that plaintiff's injury was compensable under the North Carolina Workers' Compensation Act and ordered defendants to pay temporary total disability compensation and reasonable medical expenses.

On 24 March 1999, plaintiff filed a Form 33, Request That Claim Be Assigned For Hearing. Plaintiff's dispute with defendants arose from their refusal to authorize his request for a dorsal column stimulator ("stimulator"), a surgical device recommended by plaintiff's anesthesiologist in order to provide improved control of plaintiff's pain and thereby decrease his reliance on medication. Plaintiff asserted that the stimulator was a reasonable and necessary medical treatment and requested attorneys' fees pursuant to section 97-88.1 of the General Statutes for defendants' allegedly unreasonable defense of his claim.

On 28 December 1999, a deputy commissioner for the Commission filed an opinion and award concluding that plaintiff had proven by the greater weight of the evidence that he was entitled to receive the stimulator as a reasonable and necessary medical treatment. The deputy commissioner further concluded that defendants had presented no credible evidence to support their denial of such treatment, and as such, had willfully violated the prior order by the Commission. The deputy commissioner therefore ordered defendants to pay attorneys' fees of $10,500.00, as well as $448.64 in expenses.

Defendants appealed the deputy commissioner's opinion and award to the Full Commission, which affirmed the opinion in all respects except for the award of attorneys' fees. The Commission found that, as a result of defendants' unreasonable denial of treatment, plaintiff had "incurred reasonable attorney's fees in the amount of $200.00." The Commission therefore ordered defendants to pay for the placement of plaintiff's dorsal column stimulator and attorneys' fees of $200.00.

Plaintiff thereafter moved for reconsideration of the Commission's order and for allowance of reasonable attorneys' fees pursuant to section 97-88 of the General Statutes. Upon reconsideration of its order, the Commission concluded that, "plaintiff should be awarded a reasonable attorney's fee in the amount of $2,500, in addition to reasonable expenses of $448.64." Finding that defendants had reason-

able grounds to appeal the $10,500.00 award of attorneys' fees by the deputy commissioner, the Commission denied plaintiff's request for attorneys' fees pursuant to section 97-88. This opinion and award was filed 31 January 2001, from which plaintiff appeals and defendants cross-appeal.

---

The primary issue on appeal is whether the Commission properly awarded to plaintiff attorneys' fees in the amount of $2,500.00. For the reasons stated herein, we affirm the opinion and award of the Industrial Commission.

Under section 97-88.1 of the North Carolina General Statutes, the Commission may award attorneys' fees if it determines that "any hearing has been brought, prosecuted, or defended without reasonable ground[.]" N.C. Gen. Stat. § 97-88.1 (2001). The purpose of this section is to "prevent 'stubborn, unfounded litigiousness' which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees." *Beam v. Floyd's Creek Baptist Church*, 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990) (quoting *Sparks v. Mountain Breeze Restaurant*, 55 N.C. App. 663, 664, 286 S.E.2d 575, 576 (1982)). The Commission, therefore, may assess the entire cost of litigation, including attorneys' fees, against any party who prosecutes or defends a hearing without reasonable grounds. *See Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 54, 464 S.E.2d 481, 485 (1995), *disc. review denied*, 343 N.C. 516, 472 S.E.2d 26 (1996). "The decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award will not be disturbed absent an abuse of discretion." *Id.* at 54-55, 464 S.E.2d at 486. An abuse of discretion results only where a decision is " 'manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *Long v. Harris*, 137 N.C. App. 461, 464-65, 528 S.E.2d 633, 635 (2000) (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)). With this standard in mind, we examine plaintiff's assignments of error.

### Plaintiff's Appeal

Plaintiff first contends that the Commission erred as a matter of law in considering certain factors in determining whether to award attorneys' fees to plaintiff. Specifically, plaintiff objects to the following two findings by the Commission: (1) that "[d]orsal column

stimulators are controversial and expensive" and that (2) "Defendant had a reasonable basis to question the efficacy of a dorsal column stimulator in this case." Plaintiff asserts that these findings are unsupported by any evidence in the record and as such, cannot support the Commission's decision concerning the attorneys' fees awarded to plaintiff. We disagree.

Although the Commission found that the requested medical treatment was "controversial and expensive" and that defendants' initial questioning of its efficacy was reasonable, the Commission further found that "at some point prior to the hearing before the deputy commissioner, defendant did not make sufficient efforts to substantiate its opposition to this form of treatment." The Commission also found that "Defendant has not offered sufficient medical evidence to contradict Dr. Gooding's recommendation that the stimulator is reasonable and necessary to attempt to control plaintiff's pain[,]" and further that, "Defendant's continued refusal to authorize the treatment with the dorsal column stimulator, and to force the issue to a hearing, constituted unfounded litigiousness." The Commission therefore concluded that, "Plaintiff is entitled to a reasonable attorney's fee as a result of defendant's unfounded litigiousness in the amount of $2,500.00, and expenses in the amount of $448.64."

Plaintiff has not shown that the findings to which he objects played any role, significant or otherwise, in the Commission's decision to award attorneys' fees in the amount of $2,500.00. Although the Commission found that plaintiff's medical treatment was controversial and expensive, this statement appears to primarily relate to the Commission's next sentence in the same finding, which states that "Defendant had a reasonable basis to question the efficacy of a dorsal column stimulator in this case." Despite these findings, however, the Commission made numerous additional findings condemning defendants' subsequent behavior, ultimately concluding that defendants' refusal to authorize the requested treatment constituted unfounded litigiousness. Had the Commission assigned real weight to the findings to which plaintiff objects, it would have presumably concluded that defendants' defense of the case was reasonable and would therefore have awarded no attorneys' fees to plaintiff. As stated *supra*, the award of attorneys' fees under section 97-88.1 is a discretionary matter for the Commission. Because there is no indication that the Commission substantially relied upon the isolated findings of fact which plaintiff contends are unsupported by the record, we overrule plaintiff's assignment of error.

Plaintiff further argues that the Commission improperly considered a previous attorneys' fee award granted to plaintiff pursuant to section 97-90 of the General Statutes when it awarded plaintiff attorneys' fees under section 97-88.1. In its conclusions of law, the Commission stated that:

A prior Opinion and Award filed in this case on 15 January 1998 approved a 25% attorney's fee for plaintiff's counsel as a reasonable fee, in accordance with G.S. 97-90(c). That 25% attorney's fee award is ongoing for the period of plaintiff's total disability and is an issue that was decided by a previous panel and was not appealed in accordance with the Act. G.S. 97-90(c). The award of attorney's fees herein is pursuant to G.S. 97-88.1 and is, therefore, an award left to the sound discretion of the Commission. G.S. 97-88.1.

Plaintiff argues that the Commission improperly considered the earlier award of attorneys' fees granted under section 97-90 in assigning its award in the present case pursuant to section 97-88.1. Again, we must disagree with plaintiff's interpretation of the Commission's opinion.

As in his previous assignment of error, plaintiff makes no showing that the Commission's recognition in its conclusions of law of the earlier award of attorneys' fees granted to plaintiff pursuant to section 97-90 impacted its instant decision to award plaintiff $2,500.00 in attorneys' fees pursuant to section 97-88.1. Indeed, the Commission's conclusion concerning the earlier award of attorneys' fees is more reasonably interpreted in exactly the opposite manner from plaintiff's assertion: namely, that the Commission, well aware of the earlier award of attorneys' fees, made conclusions regarding such award because it wanted to make clear to both parties that the previous award played no role in its decision to impose punitive attorneys' fees. Thus, the Commission took pains to recognize in its opinion the difference between the two statutory sections that authorize the Commission to impose attorneys' fees, as well as the fact that the earlier award had not been appealed and was therefore not under current consideration. Because plaintiff's argument is based on little more than his own conjecture, we overrule this assignment of error.

Plaintiff further contends that the Commission abused its discretion in awarding $2,500.00 in attorneys' fees. Plaintiff argues that, because section 97-88.1 authorizes the Commission to order the

**BRYSON v. PHIL CLINE TRUCKING**

[150 N.C. App. 653 (2002)]

entire costs of the proceedings to be paid by an unreasonable party as punishment for its unfounded litigiousness, the statute implies that the amount awarded should be commensurate with the reasonable party's actual expenses. To award less, according to plaintiff, ignores the stated purpose of the statute to punish those who defend or pursue litigation without reasonable grounds. By plaintiff's account, his reasonable attorney expenses amounted to $10,500.00, and the award of only $2,500.00, argues plaintiff, represents "less than a slap on the wrist" to defendants, thereby defeating the purpose of section 97-88.1. Plaintiff therefore argues that the Commission abused its discretion in making its award. We disagree.

As emphasized heretofore, an award under section 97-88.1 is "in the sound discretion of the Commission" and we may not overturn such a decision unless it is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Long*, 137 N.C. App. at 465, 528 S.E.2d at 635. Although defendants' behavior in denying plaintiff's medical treatment was unreasonable, there were no findings to indicate that defendants' actions were otherwise particularly egregious or outrageous. Based on these facts, we are not prepared to hold that the Commission's decision to award plaintiff approximately one quarter of his reasonable attorney expenses as a punitive measure against defendants was, as a matter of law, completely without basis or reason. We therefore overrule this assignment of error.

Finally, plaintiff argues that the Commission erred in denying his request for attorneys' fees pursuant to section 97-88 for the costs of the appeal from the deputy commissioner to the Full Commission. Section 97-88 of the General Statutes, entitled "Expenses of appeals brought by insurers," provides that:

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court *may* further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

N.C. Gen. Stat. § 97-88 (2001) (emphasis added). As clearly indicated in the statute, the decision to award attorneys' fees attributable to the appeal rests within the discretion of the Commission, and its decision must be upheld unless there is an abuse of that discretion. *See Taylor v. J.P. Stevens*, 57 N.C. App. 643, 648, 292 S.E.2d 277, 280 (1982), *modified and affirmed*, 307 N.C. 392, 298 S.E.2d 681 (1983). An award of attorneys' fees is proper where the Commission finds that the defendant had no reasonable basis for appealing the decision of the deputy commissioner to the Full Commission. *See Mullinax v. Fieldcrest Cannon, Inc.*, 100 N.C. App. 248, 253, 395 S.E.2d 160, 163 (1990).

In the case at bar, the Commission found that, although defendants' unreasonable refusal to authorize plaintiff's medical treatment forced the issue to a hearing and therefore constituted unfounded litigiousness, "Defendant had reasonable grounds to appeal the deputy commissioner's award of attorney's fees." The Commission also found that, "Defendant has prevailed, in part, on the attorney's fees issue[.]" The Commission therefore concluded that "Plaintiff is not entitled to attorney's fees for the current appeal to the full Commission pursuant to G.S. 97-88, because defendant has prevailed, in part, on the sole issue on appeal."

Whether defendants were liable for attorneys' fees as a punitive measure for their unfounded litigiousness concerning their refusal to authorize plaintiff's medical treatment was clearly a separate issue from whether defendants had reasonable grounds to appeal the $10,500.00 in attorneys' fees initially awarded by the deputy commissioner. Where the Commission found that defendants had reasonable grounds to appeal the issue of attorneys' fees, we discern no abuse of discretion by the Commission in denying plaintiff's request for attorneys' fees pursuant to section 97-88. We therefore overrule plaintiff's final assignment of error. We now address defendants' cross-appeal.

## Defendants' Cross-Appeal

Defendants argue that the Commission erred in finding that defendants' behavior constituted unfounded litigiousness and in awarding plaintiff $2,500.00 in attorneys' fees. Defendants contend that there was evidence in the record supporting their denial of payment for the stimulator, and that the Commission therefore erred in finding that defendants' behavior was unreasonable.

Appellate review of decisions by the Commission is strictly limited to (1) whether there is competent evidence to support the

Commission's findings of fact; and (2) whether these findings of fact support the Commission's conclusions of law. *See Foster v. Carolina Marble and Tile Co.*, 132 N.C. App. 505, 507, 513 S.E.2d 75, 77, *disc. review denied*, 350 N.C. 830, 537 S.E.2d 822 (1999). "If there is any evidence of substance which directly or by reasonable inference tends to support the findings, the court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary." *Russell v. Yarns, Inc.*, 18 N.C. App. 249, 252, 196 S.E.2d 571, 573 (1973).

Plaintiff here presented significant medical evidence before the Commission tending to show that the treatment he sought was reasonably necessary to lessen the pain caused by the injury he suffered while in defendants' employment. Dr. Daniel E. Gooding, a physician specializing in pain management and relief, testified that plaintiff was a "good candidate" for a trial placement of the stimulator, and that such a treatment would "make a significant difference in [plaintiff's] life." Specifically, Dr. Gooding opined that the stimulator could lessen plaintiff's pain by fifty percent. Dr. Gooding also testified that none of the other, more conservative medical treatments had effectively lessened plaintiff's pain. Dr. Bruce V. Darden, II, an orthopedic surgeon who treated plaintiff, testified that he referred plaintiff to the Mid-Atlantic Pain Center in order to address plaintiff's continued difficulties managing his pain. Dr. Darden stated that a dorsal column stimulator would be "a worthwhile undertaking" and that he had "a lot of faith" in Dr. Gooding and the physicians at the pain management center. Defendants did not undertake an independent medical evaluation of plaintiff, nor did they present any medical evidence to rebut the testimony by plaintiff's physicians.

We conclude that the above-stated evidence adequately supports the Commission's finding that "Defendant has not offered sufficient medical evidence to contradict Dr. Gooding's recommendation that the stimulator is reasonable and necessary to attempt to control plaintiff's pain" and that "Defendant's continued refusal to authorize the treatment with the dorsal column stimulator, and to force the issue to a hearing, constituted unfounded litigiousness." The Commission's conclusion that plaintiff was entitled to reasonable attorneys' fees of $2,500.00 as a punitive measure was therefore properly supported by its findings and by substantial evidence of record and fully within the Commission's discretion to grant. We therefore overrule defendants' assignment of error.

In conclusion, we detect no error and no abuse of discretion by the Commission in its opinion and award. The opinion and award by the Industrial Commission is therefore affirmed in all respects.

Affirmed.

Judges GREENE and HUNTER concur.