DAVID W. BLEVINS, Employee, Plaintiff,
v.
STEEL DYNAMICS, INC., Employer,
CNA INSURANCE COMPANY, Carrier, Defendants.
No. COA09-540.
Court of Appeals of North Carolina.
Filed February 16, 2010.
This case not for publication
Lennon & Camak, PLLC, by George W. Lennon and Michael W. Bertics, for plaintiff-appellee.
Teague, Campbell, Dennis & Gorham, L.L.P., by Jacob H. Wellman and Jan N. Pittman, for defendant-appellants.
WYNN, Judge.
The subject-matter jurisdiction issue on appeal arises from the interplay of two statutes regulating the award of attorney's fees in workers' compensation cases  N.C. Gen. Stat. §§ 97-88.1 and 97-90. In this case, the Superior Court assumed jurisdiction before the Full Industrial Commission had properly determined whether its ruling was under § 97-88.1 or § 97-90. We therefore vacate the order of the Superior Court and remand to the Superior Court for further remand to the Full Industrial Commission with instructions to make findings and rule on the matter.
Plaintiff filed a workers' compensation claim in 1999 for an injury to his lower back. Litigation occurred between 2003 and 2005, and concluded with the parties jointly selecting a treating physician, Dr. Hedrick. Plaintiff continued to suffer lower-back pain; in January 2006, Dr. Hedrick took him out of work and referred him to Dr. Derian, an orthopedic surgeon. Dr. Derian opined that Plaintiff needed lumbar-fusion surgery.
From January to April 2006, Defendants refused either (1) to reinstate temporary total disability compensation, or (2) to provide for Plaintiff's treatment with Dr. Derian. Plaintiff filed a Motion to Compel Reinstatement of Benefits. This motion was granted by Administrative Order on 4 May 2006. Defendants appealed this Order to a full evidentiary hearing. Plaintiff also filed a Motion to Compel Medical Treatment. The Motion to Compel Medical Treatment was granted by Administrative Order on 9 August 2006. Defendants appealed; their request for a stay of the Order pending appeal was denied. Deputy Commissioner Holmes agreed to hear both appeals on 16 August 2006.
Before that date, Defendants refused to provide for Plaintiff's treatment with Dr. Derian in violation of the 9 August 2006 Order. Plaintiff filed a Motion to Show Cause for Defendant's failure to comply with the 9 August Order. A hearing on this motion was held on 29 August 2006 before Deputy Commissioner Rideout. On 19 September 2006, Deputy Commissioner Rideout held Defendants in civil contempt for failure to obey the 9 August 2006 Order. He ordered Defendants to pay attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1 for unfounded litigiousness. Defendants appealed to the Full Industrial Commission.
On 6 February 2007, Deputy Commissioner Holmes heard the appeal from the substantive proceedings, and concluded that Defendants had defended the claim without reasonable grounds. He directed Defendants to provide for Plaintiff's treatment with Dr. Derian. He concluded that Plaintiff's counsel was entitled to a reasonable attorney's fee pursuant to N.C. Gen. Stat. § 97-90 and ordered Defendants to send every fourth compensation check directly to Plaintiff's attorney. He also awarded Plaintiff $5,000.00 in additional attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 as sanctions for Defendants' unreasonable defense. Defendants appealed this decision to the Full Industrial Commission.
On 8 March 2007, the Full Commission reviewed Defendant's appeal from Deputy Commissioner Rideout's decision. On 13 July 2007, the Commission affirmed the decision holding Defendants in civil contempt and awarding attorney's fees. The Opinion and Award issued by the Full Commission on the appeal from Deputy Commissioner Rideout's decision stated, in pertinent part:
The Full Commission notes that this Opinion and Award does not address, or have an effect upon, the issues presented in the February 6, 2007 Opinion and Award of Deputy Commissioner Holmes concerning plaintiff's temporary total disability benefits in this case. This Opinion and Award is limited to the issue of contempt that is presently before the Full Commission.
Defendants gave notice of appeal from the Full Commission's affirmance of Deputy Commissioner Rideout's decision to this Court.
In the meantime, the appeal of Deputy Commissioner Holmes' decision to the Full Commission was scheduled for 15 August 2007. But before the matter came on for hearing before the Full Commission, Defendants authorized Plaintiff's treatment with Dr. Derian and withdrew their appeal to this Court of the 13 July 2007 contempt award arising from the decision of Deputy Commissioner Rideout. Defendants also withdrew their appeal to the Full Commission of Deputy Commissioner Holmes' decision on all issues except the $5,000 additional attorney's fees awarded under N.C. Gen. Stat. § 97-88.1 as sanctions for Defendants' unreasonable defense.
The Full Commission issued an Order on 13 August 2007 recognizing that "the only remaining issue on appeal is `Deputy Commissioner Holmes' ruling that the defendants had denied and defended this claim and appealed the decision . . . without reasonable grounds and engaged in stubborn, unfounded litigiousness.'" The Order waived oral argument in the appeal from Deputy Commissioner Holmes' decision, and stated that the Full Commission would "file a decision based on the record, assignments of error, and briefs in this matter."
On 2 November 2007 the Full Commission entered an Order awarding plaintiff's counsel $9,500 in attorney's fees for his work on the appeal from the decision of Deputy Commissioner Rideout. That Order stated, in pertinent part, "[t]his matter is before the Full Commission upon the plaintiff's request for the award of an attorney's fee pursuant to N.C. Gen. Stat. § 97-90 in connection with the contempt portion of this matter." (emphasis added). The parties did not appeal this award, and it became final. Defendant's appeal from the additional attorney's fees portion of the Holmes decision remained outstanding before the Full Commission.
Although the Full Commission had issued an Order in August 2007 stating that it would file a decision regarding "`Deputy Commissioner Holmes' ruling that the defendants had denied and defended this claim and appealed the decision . . . without reasonable grounds and engaged in stubborn, unfounded litigiousness," that decision was not forthcoming. On 6 December 2007, Plaintiff requested that the Full Commission clarify the status of Defendant's appeal from the decision of Deputy Commissioner Holmes. The request indicated that counsel had contacted the law clerks of certain Commissioners "to determine the status of defendants' appeal" and had learned that the Commission "considered defendants' appeal of Deputy Commissioner Holmes' Opinion & Award completely abandoned and was not intending to file an Opinion & Award." Plaintiff requested that the Full Commission either file a new Opinion & Award or file an Order confirming Deputy Commissioner Holmes' Opinion & Award was final.
On 19 February 2008 the Full Commission issued an Order stating that the 2 November Order (concerning the appeal from Deputy Commissioner Rideout's decision) was its final decision in the matter. It stated that the Commission "intended the $9,500.00 fee award [in the completed appeal from Deputy Commissioner Rideout's decision] to represent the total amount of reasonable fees due the Plaintiff's counsel for the case as a whole, and not just the contempt portion of the case." The Full Commission declined to award additional fees to Plaintiff's counsel. Plaintiff appealed to the senior resident superior court judge pursuant to N.C. Gen. Stat. § 97-90(c).
On 22 February 2008, Plaintiff sent a letter to Commissioner Scott of the N.C. Industrial Commission requesting transmission of findings and reasons for its action regarding the determination of attorney's fees pursuant to N.C. Gen Stat § 97-90(c). On 17 March 2008, Defendants filed a Motion to Dismiss Plaintiff's appeal to the Superior Court for lack of subject-matter jurisdiction. On 10 June 2008, the resident superior court judge, the Honorable Robert H. Hobgood, denied the Motion. The Superior Court's Order noted that the Industrial Commission "[had] not yet transmitted its findings and reasons as to its action concerning such fee or compensation to the undersigned per N.C. Gen. Stat. 97-90(c)."
The Industrial Commission replied to Plaintiff's counsel's request for the record on appeal on 22 July 2008. In a letter, the Commission informed Plaintiff's counsel that "the Commission does not maintain documentation or any such work product regarding the award of attorney's fees." The letter went on to explain that the award of attorney's fees under § 97-90 is discretionary and the Commission's decision is based on the record and motions of the parties. "Thus, the Commission does not have any further documentation or records to provide to you or the Court in this matter."
On 18 December 2008, Judge Hobgood issued an Order granting Plaintiff's counsel an additional $13,487 in attorney's fees. The court explained, in finding of fact no. 4, that it was forced to proceed without the benefit of the Full Industrial Commission's findings. The Order also indicated that the Superior Court assumed jurisdiction over the matter based on N.C. Gen. Stat. § 97-90(c), and cited Palmer v. Jackson, 157 N.C. App. 625, 579 S.E.2d 901 (2003), disc. rev. improvidently allowed, 358 N.C. 373, 595 S.E.2d 145 (2004).
From the 18 December 2008 order of the trial court, Defendants appeal to this Court on the sole issue of subject-matter jurisdiction. We review the denial of motions to dismiss for lack of subject-matter jurisdiction de novo. Harper v. City of Asheville, 160 N.C. App. 209, 215, 585 S.E.2d 240 244 (2003).
The subject-matter jurisdiction issue on appeal arises from the interplay of two statutes regulating the award of attorney's fees in workers' compensation cases: N.C. Gen. Stat. §§ 97-88.1 and 97-90. N.C. Gen. Stat. § 97-88.1 states:
If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them. N.C. Gen. Stat. § 97-88.1 (2009). An appeal from an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 lies directly to this Court pursuant to N.C. Gen. Stat. § 97-86.
Review of an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 . . . requires a two-part analysis. First, "[w]hether the [party] had a reasonable ground to bring a hearing is reviewable by this Court de novo." Troutman v. White & Simpson, Inc., 121 N.C. App. 48, 50-51, 464 S.E.2d 481, 484 (1995), disc. review denied, 343 N.C. 516, 472 S.E.2d 26 (1996). . . .
If this Court concludes that the party requesting the hearing lacked reasonable grounds, "[t]he decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award will not be disturbed absent an abuse of discretion." Troutman, 121 N.C.App. at 54-55, 464 S.E.2d at 486.
Meares v. Dana Corp., ___ N.C. App. ___, ___, 666 S.E.2d 819, 825 (2008); see also Bryson v. Phil Cline Trucking, 150 N.C. App. 653, 656, 564 S.E.2d 585, 587 (2002)(addressing an appeal from the Full Industrial Commission to the North Carolina Court of Appeals of an award made pursuant to N.C. Gen. Stat. § 97-88.1).
N.C. Gen. Stat. § 97-90(c) requires fee agreements between an attorney and his client to be approved by the Industrial Commission. N.C. Gen. Stat. § 97-90(c)(2009). A second process, covering "all other cases where there is no agreement for fee or compensation," allows the Commission to set a reasonable attorney's fee where there was no preexisting agreement. Id. The statute prescribes the process of appealing from either of these determinations: the party appeals first from the Deputy Commissioner's Opinion & Award to the Full Industrial Commission; from the determination of the Full Industrial Commission, he may then appeal to the senior resident judge of superior court. That "judge shall consider the matter and determine in his discretion the reasonableness of said agreement or fix the fee." Id. The statute sets out factors to be considered in determining an allowance of attorney's fees, including the time invested, the amount involved, and the results achieved. Finally, "[i]n making the allowance of attorneys' fees, the Commission shall, upon its own motion or that of an interested party, set forth findings sufficient to support the amount approved." Id.
Defendants argue that the plain meaning of N.C. General Statute section 97-90(c) limits review by the Superior Court to (1) disputes over fee agreements between an attorney and his client and (2) the Commission's decision to set a fee where no agreement existed between an attorney and his client. Because Plaintiff was not seeking the Commission's intervention in a fee dispute, or seeking review of the Commission's decision to set a fee where no agreement existed, section 97-90(c) cannot provide means for appeal to Superior Court.
Plaintiff replies that N.C. General Statute § 97-90(c) allows appeal of the amount of attorney's fees awarded, notwithstanding which side is responsible for paying them. N.C. General Statute § 97-88.1 merely permits the Industrial Commission to shift the burden of compensation. Plaintiff contends he properly used the second appeals process of 97-90(c) to appeal the amount of punitive attorney's fees awarded.
Because the Superior Court based its jurisdiction on this Court's decision in Palmer v. Jackson, both parties argue that Palmer supports (or at least does not defeat) their argument. The issue in Palmer was not jurisdiction of the Superior Court under N.C. Gen. Stat. § 97-90(c), but rather involved the request of plaintiff's attorneys to receive an additional award of attorney's fees based not only on a percentage of the indemnity award but also on the amount of medical compensation they procured for the medical providers. Id. at 627, 579 S.E.2d at 903.
Plaintiff's attorney in Palmer appealed to the Superior Court and the trial court awarded additional attorneys' fees, requiring in effect that the medical providers return to plaintiff's lawyers some of the compensation already provided by plaintiff's carrier. Id. at 630, 579 S.E.2d at 905 ("The trial court's order effectively reduced the award of medical compensation to the hospitals."). Defendants appealed, and this Court held:
[M]edical compensation is solely in the realm of the Industrial Commission, and § 97-90(c) gives no authority to the superior court to adjust such an award under the guise of attorneys' fees. . . . Doing so constitutes an improper invasion of the province of the Industrial Commission, and constitutes an abuse of discretion.
Id. at 635, 579 S.E.2d at 908. We therefore vacated the award of additional attorney's fees. Id. at 637, 579 S.E.2d at 910.
As Defendant correctly observes, the "question of whether all fee awards under § 97-88.1 may be appealed to Superior Court was, simply, not before the Court." The problem is that the Palmer Court did not stop with its narrow holding. In a paragraph heavily relied upon by Plaintiff, the Palmer court continued:
The trial court, pursuant to its discretion under § 97-90, appears to have the authority to fashion an attorneys' fees award that would take into account the special circumstances of a case such as the one at bar . . . . When an insurance carrier is responsible for attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1, the trial court may award attorneys an amount based on a percentage of the medical compensation recovered to be paid by the bad faith carrier over and above what they have already been ordered to pay to the medical providers and the claimant. . . . Upon the proper findings of fact as to the work and the special nature of the case, the trial court could order that the defendant carrier should further pay appellees an amount based upon a percentage . . . of the $410,000.00 medical compensation. This amount would be over and above what was ordered by the Industrial Commission to be paid by defendant carrier. Such a result appears to be within the power of the trial court as prescribed by § 97-90(c) and reviewable only for an abuse of discretion.
Palmer, 157 N.C. App at 637, 579 S.E.2d at 909. Plaintiff interprets these passages as discussing the scope of the trial court's authority, and therefore "statements of subject matter jurisdiction."
Not only do the parties disagree on the application of Palmer, but they also disagree over the issue on appeal to which Palmer is supposed to apply: Plaintiff maintains that he "utilized the second appeals process to appeal the amount of attorneys' fees awarded by the Commission under N.C. Gen. Stat. §§ 97-88.1 & 979-0." Defendant asserts that "this is a dispute over the amount of a sanction, a matter to which § 97-90(c) was never intended to apply."
The confusion of the issue on appeal is perhaps rooted in the Full Industrial Commission's order of 19 February 2008. The order does not specify the statutory basis for its resolution of the appeal from Deputy Commissioner Holmes' decision. Instead it asserts, in flat contradiction to the Order of 2 November 2007, that "the Full Commission intended the $9,500.00 fee award to represent the total amount of reasonable fees due the plaintiff's counsel for the case as a whole, and not just the contempt portion of the case." The Order recites neither findings of fact, nor any § 97-90(c) statutory factors.
If the Order was issued pursuant to § 97-90(c), then the Full Commission was required to set forth findings sufficient to support the amount awarded.[1] N.C. Gen. Stat. 97-90(c)(2009); see also Palmer, 157 N.C. App. at 637, 901 S.E.2d at 909 ("Upon the proper findings of fact as to the work and the special nature of the case, the trial court could order that the defendant carrier should further pay appellees . . . .")(emphasis added). The determination of the reasonableness of the amount could then be appealed to the Superior Court pursuant to the provisions of N.C. Gen. Stat. § 97-90(c).
If, on the other hand, the Order was issued as a sanction pursuant to N.C. Gen. Stat. § 97-88.1  independent of the provisions of N.C. Gen. Stat. § 97-90(c)  then the determination of whether to assess attorney's fees and in what amount was in the sole discretion of the Industrial Commission. Troutman v. White & Simpson, Inc., 121 N.C. App. 48, 54, 464 S.E.2d 481, 486 (1995). Because § 97-88.1 does not provide for an appeal to the Superior Court, the proper route of appeal from such a determination was exclusively to this Court. N.C. Gen. Stat. § 97-86 (2009).
In the absence of statutory exception, jurisdiction over workers' compensation claims is vested solely in the Industrial Commission. N.C. Gen. Stat. § 97-91 (2009); Carpenter v. Hawley, 53 N.C. App. 715, 718, 281 S.E.2d 783, 785 (1981). In exercising jurisdiction over this case, the Superior Court recognized that the Industrial Commission failed to "transmit its findings and reasons as to its actions concerning such fee or compensation to the judge of the Superior Court designated in the Notice of Appeal" pursuant to N.C. Gen. Stat. § 97-90(c). The Superior Court thus reviewed the final Opinion and Award of Deputy Holmes without the benefit of any findings by the Full Industrial Commission  indeed, the Superior Court essentially sat as the first body to review the Opinion and Award of a single Deputy Commissioner. "Doing so constitutes an improper invasion of the province of the Industrial Commission . . . ." Palmer, 157 N.C. App. at 635, 579 S.E.2d at 908. The only way for the Superior Court to attain jurisdiction was by appeal from a proper and final order of the Full Industrial Commission. N.C. Gen. Stat. 97-90(c). Such an order was lacking in this case.
"If the findings of fact of the Commission are insufficient to enable the Court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the end that the Commission make proper findings." Pardue v. Blackburn Bros. Oil & Tire Co., 260 N.C. 413, 416, 132 S.E.2d 747, 749 (1963); see also Joyner v. Rocky Mount Mills, 92 N.C.App. 478, 482, 374 S.E.2d 610, 613 (1988).("It is the duty and responsibility of the full Commission to make detailed findings of fact and conclusions of law with respect to every aspect of the case before it.")
In this case, the Full Industrial Commission failed to make adequate findings to support its 19 February 2008 Order. We must therefore vacate the order of the Superior Court and instruct the Superior Court to remand to the Full Industrial Commission for consideration of the appeal from the decision of Deputy Commissioner Holmes. The Full Commission should be instructed to make adequate findings of fact and conclusions of law to support its ruling.
In fashioning its Order, the Full Commission must specify whether the resulting ruling is pursuant to N.C. Gen. Stat. § 97-90(c) or independently pursuant to N.C. Gen. Stat. § 97-88.1. Once this determination is made, the proper avenue for appeal will be apparent. The Commission should "recognize in its opinion the difference between the two statutory sections that authorize the Commission to impose attorneys' fees, as well as the fact that the earlier award had not been appealed and was therefore not under current consideration." Bryson, 150 N.C. App. at 658, 564 S.E.2d at 589.
Vacated and remanded.
Judge McGEE and Judge BRYANT concur.
Report per Rule 30(e).
NOTES
[1] We recognize that the Full Commission's Order implicitly overruled Deputy Commissioner Holmes' award and effectively reduced Defendant's sanction to zero. The Commission may not avoid its statutory duty under § 97-90(c) to make findings of fact by arguing that no award was authorized. In cases such as this, no award is equivalent to an award of nothing.